## The People on the relation of James C. Dickinson v. James B. Simondson and the Circuit Judge of Oakland Circuit.

*Prohibition: Justice of the peace: Appeal: Affidavit.* A writ of prohibition to restrain the appellant and the circuit judge from proceeding to try a cause brought by appeal from a justice's court into the circuit court, on the ground that the latter has obtained no jurisdiction for want of a proper affidavit, denied upon a showing that the appellant went before the justice at the proper time with the form of an affidavit, which he swore to before the justice but did not subscribe, and that the justice neglected to sign the jurat, but returned this unsigned form as the affidavit in appeal.

*Appeal: Affidavit.* An affidavit for appeal, if properly sworn to, is valid, though not subscribed by the affiant.

*Affidavit: Jurat: Appeal from justice's court.* An affidavit for an appeal from a justice's court, sworn to before any other officer than the justice, is of no avail unless the jurat be signed by such officer; but where a person desiring to appeal has sworn to the proper affidavit before the justice himself, he has done all that can be required of him in that regard, and the neglect of the justice to sign the jurat cannot prejudice the rights of the appellant.

*Practice in circuit court: Appeal: Affidavit: Jurat.* The proper practice, where a justice has sent up with his return an affidavit for appeal, to which no jurat is attached, and it is shown that the affidavit was duly sworn to before the

25 MICH.—15.

justice, is to allow the justice to attach his jurat *nunc pro tunc*, if he appears and wishes to do so, and if not, to make an order for a further return, requiring the justice to certify whether the affidavit had been duly sworn to before him.

*Heard and decided April 30.*

Application for writ of prohibition.

*F. A. Baker*, for the relator.

*James K. Patterson*, for the respondents.

PER CURIAM.

Simondson sued Dickinson before a justice of the peace, and upon the trial judgment was rendered in favor of defendant, from which Simondson undertook to appeal. An affidavit was made by him before the justice, for the purpose of complying with *section 3836, Compiled Laws.* But the affidavit, as sent up by the justice, was not signed by Simondson, nor had the justice signed the jurat.

A motion was made by the appellee in the circuit court, to dismiss the appeal for want of a proper affidavit, on the hearing of which motion the appellant presented an affidavit of the justice, showing that, at the time Simondson presented to him the bond for the appeal, he also presented to him the form of the affidavit (being the paper returned by the justice as the affidavit in appeal), and that he, Simondson, had sworn to the affidavit before him, though the justice had neglected to sign the jurat.

The circuit court refused to dismiss the appeal, and allowed the appellant to amend by putting in the proper affidavit *nunc pro tunc.*

Dickinson now moves this court for a writ of prohibition, restraining Simondson and the judge of the circuit court from proceeding to try the cause upon appeal, on the

ground that no jurisdiction has been obtained by the circuit court.

The motion must be denied.   The affidavit could not be held bad on the ground only that it was not subscribed by the affiant.   The statute is silent as to the signature of the party making the affidavit; it was, therefore, a good affidavit if properly sworn to (*3 Caines, 190; 3 John., 540*), though the justice should have attached his jurat before sending it up in return to the appeal.

An affidavit not sworn to before the justice himself, from whom the appeal is taken, would be of no avail, though sworn to before some other officer, unless the jurat of such officer was properly signed.   But when the appellant has sworn to it before the justice himself, he has done all that can be required of him in respect to the affidavit, and the neglect of the justice to perform his duty by signing a proper jurat, ought not to prejudice the rights of the appellant.

The proper course, we think, to correct the apparent defect, would have been for the circuit court either to allow the justice to attach his jurat, *nunc pro tunc*, should he voluntarily appear and do so, or if not, to make an order for a further return, requiring him officially to certify whether the affidavit had been duly sworn to before him. It is still in the power of the circuit court to take the course suggested; there is, therefore, no ground for a prohibition, if the case were in other respects a proper one for that writ—a question we do not decide.