75  305
113  383
113  414

## ALVIRA BLOOMINGDALE v. LEONARD CHITTENDEN.

*Replevin—Affidavit—Failure of affiant to sign—New bond—Waiver
—Bill of sale by married woman.*

1. An affidavit in replevin, describing the plaintiff as affiant, and to
which the usual jurat, signed by the justice in his official char-
acter, is attached, is not *fatally* defective because not *signed* by
such affiant.

2. A defendant in replevin waives the statutory provision for judg-
ment in his favor, on failure of the plaintiff to *forthwith* file a
new bond where the original one is defective, by going to trial on
the merits without raising such objection.

3. Where a married woman included in a bill of sale of property belong-
ing to her husband certain of her own property, under the mis-
taken idea of thus protecting it from her husband's creditors,
which fact was known to the vendee, who paid no consideration
for said property, she can recover the same, after demand and
refusal, in an action of replevin.

Case made from Ionia.  (Smith, J.)  Argued April 11,
1889.  Decided June 21, 1889.

Replevin.  Defendant brings error.  Affirmed.  The facts
are stated in the opinion.

*C. H. Gleason,* for appellant.

*Frank A. Rodgers,* for plaintiff.

CHAMPLIN, J.  The plaintiff commenced an action of
replevin before a justice of the peace.

The parties appeared before the justice, when the plaintiff
declared orally in replevin for the goods and chattels men-
tioned in the affidavit and writ.

The defendant pleaded the general issue, and then objected
to the jurisdiction of the justice upon two grounds:

1. Because the bond was not in a penalty of double the

amount or value of the property sworn to, and the sureties had not justified their pecuniary responsibility as such to a bond such as the statute requires.

2. Because the affidavit was not subscribed by the party making it.

The court overruled the second objection, and allowed the plaintiff to file an amended bond on or before the day of adjournment. Then, on motion of defendant, the justice adjourned the cause.

On the adjourned day the suit was called, and the parties appeared by their attorneys. The amended bond was filed. The defendant's attorney made objection for the reason that the bond was not filed at the time the other was declared insufficient, and also that the sureties have not justified their responsibility as provided by the statute. These objections were overruled by the court, and the parties went to trial; and, after hearing the evidence of both parties, the justice announced that on Saturday, the twenty-second day of May, at one of the clock in the afternoon, he would render judgment. At the time mentioned he called the suit, and rendered judgment for the plaintiff. He then held the suit open one hour, the plaintiff not appearing, and defendant appearing. After waiting one hour, the defendant moved for nonsuit or discontinuance of suit, and the justice thereupon entered a judgment of nonsuit with costs, and for a return of the property, and the defendant appealed the cause to the circuit court.

The parties went to trial in the circuit court before the court without a jury, and after the testimony had been introduced, and while the defendant was making his argument, he, for the first time, raised the question that the justice had acquired no jurisdiction, because there was no proper affidavit.

The court filed a written finding of facts and of law, and rendered judgment for the plaintiff.

The office of the affidavit is to confer jurisdiction (*Elliott*

*v. Whitmore,* 5 Mich. 537); and, if that is sufficient, the court will obtain jurisdiction over the process. The affidavit was not fatally defective because it was not subscribed by the plaintiff. It commences by saying: "Alvira Bloomingdale, being duly sworn, does depose and say;" and the justice attached his jurat, in which he certifies that the affidavit was "subscribed and sworn to before me the thirtieth day of April, A. D. 1886," which certificate he subscribed in his official character. The affidavit, with the jurat attached, shows that it was made by Alvira Bloomingdale, and is a sufficient compliance with the statute. *People v. Simondson,* 25 Mich. 113; *Merrick v. Mayhue,* 40 Id. 199, 200.

The bond is required for the protection of the defendant; and, although the statute[1] is peremptory that, unless the new bond is filed *forthwith,* the writ shall be dismissed on motion, and the property returned to defendant, it may be waived by the defendant, and must be regarded in this case as having been waived by going to trial before the justice upon the merits; and again in the circuit, without objection on this ground.

It appears, from the judge's finding of facts, that the plaintiff, being the owner of the property replevied, included it in a bill of sale to defendant with certain property of her husband, under the idea that, by so doing, she would protect it from being seized or taken by her husband's creditors to satisfy their debts; that defendant knew that such was the object; that she never intended to transfer the title to defendant, and he did not understand that he was to become the owner, and no consideration passed from defendant to plaintiff for said property, that she demanded the property before bringing suit, and he refused to surrender the same; that she signed the bills of sale voluntarily, and with full knowledge of their contents.

Counsel for defendant insists that, the bill of sale having

---

[1]How. Stat. § 6856.

been executed voluntarily, she is estopped from setting up property in herself contrary to its terms.

Ordinarily, this would be so; but the facts show that she was laboring under a mistake of law at the time she executed the bill of sale, and the intent was not to pass the title to defendant. Her husband's creditors had no claim upon his wife's property, and could enforce none. She defrauded no one by the transaction, and there is no public policy or good morals which will be promoted by refusing to restore the property to her.

If the defendant supposed that creditors of her husband could reach it, there was a mutual mistake. If he did know they could not, and was aware she thought they could, it was a fraud upon his part not to inform her of her error. He parted with no consideration for the property, and should have surrendered it on demand.

The judgment of the circuit court is affirmed, and judgment will, upon motion being made, be rendered against the the sureties in the appeal bond.

SHERWOOD, C. J., MORSE and CAMPBELL, JJ., concurred. LONG, J., did not sit.