### WYNKOOP v. GRAND TRAVERSE CIRCUIT JUDGE.

1. TAXES—SALE OF DELINQUENT LANDS — AFFIDAVIT OF PUBLICATION—EFFECT OF FAILURE TO SIGN.

   The affidavit of publication of the auditor general's petition for the sale of lands delinquent for taxes, and of the order of hearing thereon, required by Act No. 206, Pub. Acts 1893, § 66, to be filed in the office of the county clerk before any final order is made, is valid if properly sworn to before a notary, whose attestation appears thereon, though not signed by the affiant.

2. SAME—OMISSIONS—HOW CURED.

   The affidavit is not rendered invalid by the omission to state that the newspaper in which the publication was made is "circulated" in the county where the delinquent lands are situated, if that fact clearly appears from the petition and order themselves, and from the certificate of the auditor general designating such paper for making the publication.

*Mandamus* by Mary A. Wynkoop to compel Roscoe L. Corbett, circuit judge of Grand Traverse county, to set aside a decree for the sale of land for delinquent taxes. Submitted May 4, 1897. Writ denied June 7, 1897.

*Underwood & Umlor*, for relator.
*Tweddle & Cross*, for respondent.

MOORE, J.   The relator asks for a writ of *mandamus* to compel the judge of the Grand Traverse circuit court to set aside a decree entered October 13, 1894, for sale of lands delinquent for taxes of 1892.   The return of the circuit judge shows that on the 18th of August, 1894, the auditor general filed a petition, pursuant to Act No. 206, Pub. Acts 1893, for the sale of lands delinquent for taxes of said year and previous years.   Upon the filing of said petition, an order was made by the circuit judge substantially in the form prescribed by said act, and said order, petition, and list of lands delinquent for taxes were duly published in the Grand Traverse Herald, said paper having been duly designated by the auditor general.   At the time of the hearing, there was filed with the clerk of the court a paper reading as follows:

"Thomas T. Bates, publisher of the Grand Traverse Herald, a weekly newspaper printed and published in Traverse City, Grand Traverse county, Mich., being duly sworn, says that the notice, a copy of which is hereto annexed, has been published in said Grand Traverse Herald once in each week for four (five publications) successive weeks, commencing August 30, 1894, and ending September 27, 1894.                              .

"Sworn and subscribed the 29th day of September, 1894, before me.

"MABEL BATES,
"Notary Public in and for Grand Traverse County."

Attached to this paper was a copy of the petition of the auditor general and the order of the circuit judge.   It is now claimed that this affidavit did not confer jurisdiction upon the court to render a decree in the tax proceedings— *First*, because it is not signed; *second*, because it does not state that the Grand Traverse Herald is a paper circulated in the county of Grand Traverse, where the lands are situated; *third*, because it does not state that the order of the court and the petition of the auditor general were ever published as the law requires.

With reference to the objection to the affidavit that it is not signed, it is said, " The better practice requires that

an affidavit should be signed by the affiant, in order to more readily identify him; but, in the absence of some positive statute or rule of court, this is generally not necessary." 1 Enc. Pl. & Prac. 315, and many cases cited. The effect of a lack of signature has been discussed in a number of cases before this court, and it has been held that, if properly sworn to, an affidavit is valid, though not signed by the affiant. *People, ex rel. Dickinson,* v. *Simondson,* 25 Mich. 113; *Merrick* v. *Mayhue,* 40 Mich. 196; *Bloomingdale* v. *Chittenden,* 75 Mich. 305. The provision of the statute in relation to the proof of the publication of the order and petition is as follows: "Proof of the publication of the order and petition herein required shall be filed in the office of the county clerk before any final order is made." The statute also provides that "any person familiar with the facts may make an affidavit as to the publication required." Act No. 206, Pub. Acts 1893, § 66. We do not think the failure to sign the affidavit made it void.

The return of the circuit judge shows that on the 10th of July, 1894, a certificate of designation of the newspaper in which the order of the circuit judge and the petition of the auditor general were to be published was duly filed in the office of the county clerk of said county by the auditor general, which certificate is in the words and figures following:

"The Circuit Court for the County of Grand Traverse, in Chancery.

"In the Matter of the Petition of the State of Michigan for the Sale of Certain Lands for the Taxes Assessed Thereon for the Year 1892 and Previous Years.

"I hereby certify that on the 20th day of June I designated the Grand Traverse Herald, published at Traverse City, in said county of Grand Traverse, a newspaper published and circulated in said county of Grand Traverse, as the newspaper in which the order and petition in the above-entitled cause are to be published, together with the descriptions of lands assessed in said year and years (and which said lands are delinquent for the taxes of said

year or years), and that such designation was accepted by the publisher of said Grand Traverse Herald on the 21st day of June, 1894.

"STANLEY W. TURNER,
"Auditor General.

"Dated at Lansing, June 23, 1894."

I think it is clearly shown from this certificate, taken in connection with the order of the circuit judge, the petition of the auditor general, and the affidavit of the publisher of the Grand Traverse Herald, that the Grand Traverse Herald is a paper published and circulated in the county of Grand Traverse, where said lands are situated. *Dexter* v. *Cranston*, 41 Mich. 448; *Muirhead* v. *Sands*, 111 Mich. 487.

The circuit judge was of the opinion that the relator had failed to show any such irregularity in the proceedings as would authorize him to set aside the decree rendered by him in October, 1894. We think he was right in his conclusions.

The writ is denied.

The other Justices concurred.