BUBLITZ *v.* TROMBLEY.

REPLEVIN — DISTRAINED   BEASTS — SUFFICIENCY   OF   BOND — CON-
STRUCTION OF STATUTE.
    2 How. Stat. § 8374, which provides that, in replevin for beasts
    distrained, the failure of plaintiff to give the proper bond
    within the time limited for that purpose shall be deemed
    a discontinuance by him of his suit, is to be construed with
    the general statute (section 7771) relative to the amendment
    of defective bonds, and, so construed, affords no authority for
    the circuit judge to dismiss a suit summarily, upon his own
    motion, because the bond filed has but one surety.

Error to Bay; Maxwell, J.   Submitted April 28, 1897.
Decided June 28, 1897.

Replevin by Frank Bublitz against Andrew Trombley
for distrained cattle.   From an order discontinuing the
suit because of a defect in the bond, plaintiff brings error.
Reversed.

*John E. Kinnane*, for appellant.

*Lyon & Pierce*, for appellee.

MONTGOMERY, J. This is an action of replevin for beasts distrained. Affidavit for replevin was made on June 14, 1895, and the writ issued the same day. The cattle named in the writ were appraised, the bond was made, and delivered to the sheriff, with but one surety. The bond was accepted and approved by the sheriff, and filed with his return on July 2, 1895. Notice of retainer was regularly served by defendant, and plaintiff's declaration was filed in due time. Defendant filed a plea of the general issue, and gave notice of special matter of defense. No exception was taken to the replevin bond, or to any of the proceedings in the cause. The case was noticed for trial by both parties, and was regularly brought to trial March 17, 1896. After entering upon the trial, the court discharged the jury, and rendered judgment of discontinuance against the plaintiff, on the ground that there was but one surety on the replevin bond, and that that fact worked a discontinuance of the case under the statute.

The court based its ruling on section 8374, 2 How. Stat., which reads as follows:

"The writ shall be served, and the property shall be appraised, and, before delivery thereof to the plaintiff, a bond shall be given in like manner and with the same effect as in other cases of replevin; but such property shall not be removed by the officer until such bond shall be given; and if such bond be not given within the time limited for that purpose, the property shall be relinquished by the sheriff, and such failure shall be deemed a discontinuance of the suit by the plaintiff."

We think this course was unwarranted. In *Bloomingdale* v. *Chittenden*, 75 Mich. 307, an attempt was made to file an amended bond, which the statute requires shall be filed forthwith. On motion to dismiss for a defective bond, the court said:

"The bond is required for the protection of the defendant; and although the statute is peremptory that, unless the new bond is filed *forthwith*, the writ shall be dismissed on motion, and the property returned to defendant, it may be waived by the defendant, and must be regarded

in this case as having been waived by going to trial before the justice upon the merits, and again in the circuit, without objection on this ground."

The learned circuit judge was evidently of the view that under section 8374 no waiver of a sufficient bond could occur. But we think it clear that under sections 7770 and 7771 an amendment to the bond might have been permitted. While it is true that the language of the statute is that the failure to give such a bond shall be deemed a discontinuance of the suit by the plaintiff, this is to be construed in connection with section 7771, and, so construed, it is enough to say that it shall be deemed a discontinuance of the suit at the election of defendant, and provided the plaintiff is not prepared, upon being given an opportunity, to give a new bond, and provided further that the defendant has not waived the giving of a bond.

We do not intimate that the defendant may not yet move for a new bond, but the record does not indicate that the defendant either moved for a new bond or for the order discontinuing the case. The action appears to have been taken by the circuit judge upon his own motion, and no opportunity appears to have been afforded to move for leave to file an amended bond.

We think the order of discontinuance should be set aside, and the cause remanded for further proceedings. The plaintiff will recover costs of this court.

The other Justices concurred.