PEETS *v.* PEETS.

APPEAL AND ERROR—CHANCERY APPEALS—CREDIBILITY OF WITNESSES—HOW DETERMINED.

> On a bill for equitable relief, where the determination of the controversy depends entirely upon questions of fact, the finding of the trial court, who heard and saw the witnesses, will be sustained.

Appeal from Newaygo; Palmer, J.   Submitted January 12, 1909.   (Docket No. 66.)   Decided March 30, 1909.

Bill by Lydia Peets against Warren W. Peets and Mary Peets to set aside a deed and for an accounting. From a decree dismissing the bill, complainant appeals. Affirmed.

*John G. Anderson,* for complainant.

*George Luton,* for defendants.

The purpose of the bill in this cause is the cancellation of a deed and contract made between complainant and her

husband and the defendant Warren. The deed and contract bear date April 15, 1903. On June 3, 1903, Mr. Charles W. Peets made a will, bequeathing to his wife all his property during her natural life, which was duly admitted to probate. The deed conveyed to defendant Warren the homestead of complainant and her husband, consisting of 40 acres of land. The deed recites that it is made "in consideration of the fulfilling of the terms of a contract between said Charles W. Peets, Lydia Peets, and said Warren W. Peets." The contract recited, among other things, that the defendant Warren "shall furnish said Charles and Lydia a home, and to board and clothe them, and to furnish them necessary medical attendance, and other care and attendance when necessary during their natural lives." Charles, the father, died July 2, 1904. Matters appear to have gone satisfactorily until his death. This bill was filed April 3, 1907, and charges that the defendants have failed to comply with the contract, have not furnished her with proper food and clothing, and have not taken care of her as the contract requires. An answer was filed, denying the material allegations of the bill. The case was heard upon pleadings and proofs taken in open court, and the bill dismissed.

GRANT, J. (*after stating the facts*). It would furnish no precedent of value to set forth the proofs upon which each party relies. The complainant and her husband evidently lived in moderate circumstances. The deed was subject to a mortgage of $300. Complainant gave testimony tending to sustain the allegations of her bill. If her statement is true, she is entitled to the relief sought. The testimony of defendants is in direct contradiction to that of complainant, and if their evidence is believed, the decree rendered is correct.

The testimony in behalf of complainant, aside from her own, is not very convincing. The testimony on behalf of the defendants, aside from their own, that they provided her with a living and care commensurate with their

ability, is certainly as strong as that on the part of the complainant that they did not.   This is one of those cases where the result depends largely upon the character of the witnesses, to be derived from their appearance, and for that reason the conclusion of the circuit judge should prevail.   We cannot say that there is a preponderance of evidence in favor of the complainant.

The decree is affirmed, without costs.

BLAIR, C. J., and MONTGOMERY, OSTRANDER, and BROOKE, JJ., concurred.