## RAMEAU v. VALLEY.

1. Appeal and Error — Trial without Jury — Exceptions — Saving Questions for Review.

In order to review a finding of facts and law made by the circuit judge sitting without a jury, appellant should file exceptions within four days unless further time is granted; and such exceptions should be settled and incorporated in the bill of exceptions. Circuit Court Rule 26.

2. Justices of the Peace—Attachment—Service of Process—Inventory.

Judgment in justice's court against a defendant in attachment served with the summons but not with the writ of attachment or a copy of the inventory is invalid. 1 Comp. Laws, § 730.

3. Chattel Mortgages—Affidavit—Subscription.

An affidavit attached to a chattel mortgage, sworn to but not subscribed is sufficient. Act No. 332, Pub. Acts 1907.

4. Replevin—Demand—Excuse.

Defendant unlawfully in possession of property under a void execution may not defend against an action of replevin on the ground that no demand was made, where it appeared that he would have refused the demand in any event.

Error to Muskegon; Sessions, J. Submitted November 15, 1911. (Docket No. 124.) Decided March 12, 1912.

Replevin in justice's court by William Rameau against Edward F. Valley and Ralph Peterson. From a judgment for plaintiff, defendants appealed to the circuit court where judgment for nominal damages was entered against defendant Peterson, and as to defendant Valley judgment of no cause of action was entered. Defendants bring error. Affirmed.

*Turner & Turner*, for appellants.
*Alex Sutherland*, for appellee.

McALVAY, J.   This was a replevin case commenced in justice's court by plaintiff against defendants to obtain possession of a certain ferry scow and cable used to ferry across the Muskegon river, in Muskegon county, where a bridge had formerly been located.   From a judgment rendered in justice's court an appeal was taken to the Muskegon circuit court, where the case was tried before the court without a jury.

The following findings of fact and conclusions of law in the case were made and filed by the court April 18, 1910:

"Findings of Fact and Law.

"(1) That the defendant, Edward Valley, commenced an action in justice's court against one Antone Fritz on the 3d day of June, 1908.

"(2) That a writ of attachment and a summons in the ordinary form was issued upon that date returnable upon the 13th of June, 1908.   Directed to Antone Fritz the defendant in that cause.

"(3) The return of the officer on the summons shows that it was personally served upon Antone Fritz, but the return of the writ of attachment does not show personal service on Antone Fritz of the writ of attachment or copy of the inventory.

"(4) That the property which is in controversy in this replevin suit was attached by the defendant Peterson upon said writ of attachment.   That the defendant Peterson was the deputy sheriff who served the writ of attachment, but failed to serve a copy of the inventory of the property seized by virtue of said writ of attachment.

"(5) That Antone Fritz did not appear before the justice on the return day of the writ of attachment and summons, and judgment was taken against him.

"(6) The case in justice's court was carried on as an attachment suit, and was so styled in his docket, and the justice and the parties regarded it as an attachment suit, and they supposed the justice acquired jurisdiction of the case by virtue of his seizure of the property under the writ of attachment.

" (7) That on the 24th day of June, 1908, an execution was issued by the justice and levied upon the attached property by the defendant Peterson, deputy sheriff.

"(8) That on the 13th day of June, 1908, Antone Fritz gave a chattel mortgage to William Rameau for fifty (50) dollars to secure him for his indorsement of Mr. Fritz's note, which had been given to one Robert Kempf. The note and debt was not then due. This chattel mortgage had a statutory affidavit attached. The affidavit was sworn to by Mr. Fritz, but he did not sign it.

"(9) This chattel mortgage covered the same property which had been attached, and it was duly filed the day it was dated in the office of the township clerk in the township where this property was situated.

"(10) That on the 3d day of July, 1908, this replevin suit was commenced by the plaintiff against the defendants to recover possession of the property which was then in the possession of the defendant Peterson, deputy sheriff.

"(11) That the defendant Valley was never in possession of the property described in the replevin suit.

"(12) That the plaintiff Rameau did not make a demand on the defendant Peterson for the possession of the property, before the replevin suit was instituted."

"(14) That this replevin suit was commenced before Benjamin G. Oosterbaan, a justice of the peace for the city of Muskegon, Mich., and a judgment in favor of the plaintiff was appealed to this court by the defendants."

Upon these facts the court reaches the following conclusions of law:

"(1) That the justice acquired no jurisdiction of the attachment suit because of the failure of the deputy sheriff to serve a copy of the inventory upon Mr. Fritz, the defendant.

"(2) That there could be no judgment rendered upon the summons, and, even if there was, the chattel mortgage would take precedence over the execution and the lien created thereby.

"(3) That no demand was necessary because the defendant Peterson was a trespasser, and because a demand would have been ineffectual and would have accomplished nothing.

"(4) The affidavit attached to the chattel mortgage was sufficient, though it was not signed.

"(5) That the plaintiff is entitled to a judgment against the defendant Peterson for six (6) cents damages.

"(6) That the defendant Valley is entitled to a judgment of no cause of action.

" (7) That as this is an appeal case from justice's court, under the circumstances of this case, neither party should recover costs."

Upon these findings a judgment was later entered in favor of the plaintiff, and against defendant Peterson, for the sum of six cents damages, and against plaintiff in favor of defendant Valley. No costs were allowed to either party. Defendants have brought the case to this court for review upon writ of error. Defendants were apparently satisfied that the findings were sufficiently full and definite, as no amendments to them were proposed.

On April 26, 1910, they filed exceptions to the conclusions of fact and law found by the court, although no time for that purpose had been extended or allowed by the court. Such claimed exceptions were not settled and incorporated in the bill of exceptions. An examination of Circuit Court Rule 26, the provisions of which appellee contends have been disregarded by appellants, shows the practice which must be followed by a party desiring to review errors claimed to have been made by the trial court in the facts found by him and his conclusions of the law thereon.

In the instant case it appears that the requirements of this rule have not been followed in the following particulars:

(1) Such exceptions were not filed within the four days required, and no extension of time was granted.

(2) They were not settled and incorporated in the bill of exceptions.

It follows that the only question before this court is whether the findings of fact support the judgment. *Stafford* v. *Crawford*, 118 Mich. 285 (76 N. W. 496); *Goulet* v. *Perry*, 123 Mich. 264 (81 N. W. 1072). From the facts found by the court his conclusions of law were:

(*a*) That the attachment proceedings were invalid.

(*b*) That the chattel mortgage was valid against the defendant.

(*c*) That no demand for the property was necessary.

These three propositions will be briefly considered.

1. The court upon ample evidence found that this was an attachment case in which judgment was rendered, upon which the execution was issued under which the defendant Peterson held the property, also that the defendant did not appear in the case, and that no certified copy of the inventory in attachment was served upon defendant. The conclusion of law that the judgment was invalid was correct. *Langtry* v. *Wayne Circuit Judges*, 68 Mich. 451 (36 N. W. 211, 13 Am. St. Rep. 352); *Davison* v. *Davison*, 99 Mich. 625 (58 N. W. 637); *Cary* v. *Everett*, 107 Mich. 654 (65 N. W. 566).

2. The material objection by defendants to the chattel mortgage was that it had no affidavit attached (Act No. 332, Pub. Acts 1907), in that, although sworn to, it was not signed by affiant. This court has repeatedly held that such an affidavit is valid. *Wynkoop* v. *Grand Traverse Circuit Judge*, 113 Mich. 381 (71 N. W. 640), and cases cited.

3. Defendant was in possession of the property under a void execution. He knew of the mortgage of plaintiff and his acts in relation to the property at that time, and the notice under his plea in the same case clearly indicates that a demand would have been refused if it had been made. *Galvin* v. *Iron Works*, 81 Mich. 16 (45 N. W. 654).

The judgment of the circuit court is affirmed.

BROOKE, BLAIR, STONE, and OSTRANDER, JJ., concurred.