### VAN ALLEN *v.* SPRAGUE.

1. JUSTICES' COURTS—AFFIDAVITS—VALIDITY—TRANSCRIPT OF JUDGMENT—NEGLECT TO DATE.
   Where the affidavit for a transcript of a justice's judgment was properly signed and filed by affiant, the neglect of the justice to fill in the date was not a fatal defect.

2. HOMESTEADS—EXEMPTION—FRAUD—CREDITORS' BILL.
   The decree of the court below setting aside a deed of a homestead of 40 acres from a father to his son as in fraud of creditors of the father, will be modified, on appeal, to exclude from the operation of the decree the homestead rights up to $1,500.

Appeal from Ionia;   Davis, J.   Submitted April 29, 1919.   (Docket No. 85.)   Decided May 29, 1919.

Bill in aid of execution by Herman Van Allen against Henry Sprague and another.   From a decree for plaintiff, defendants appeal.   Modified, and affirmed.

*John Nichol,* for plaintiff.

*Ellis & Ellis,* for defendants.

FELLOWS, J.   Defendant Henry Sprague and his wife, Emeline, owned as tenants by the entireties 40

acres of land in Berlin township, Ionia county. It was worth from $4,000 to $4,500 and was incumbered by a mortgage for $1,300. On March 31, 1917, Emeline departed this life. Plaintiff at this time held a justice's court judgment against Henry. Before Emeline was buried and on April 2d, Henry conveyed the 40 acres to his son, defendant Gail H. Sprague. The consideration mentioned in the deed was "the sum of one dollar and the work and services rendered and the agreements herein stated." It was further recited in the deed:

"The further consideration of this deed is that said second party is to care for and maintain said first party during his natural life and give him a good home on said premises, and said second party is to settle with L. Verna Simmons, and Glenn A. Sprague as agreed between the parties. It is agreed further that in case said premises are sold, second party shall give or furnish a good home for first party."

The plaintiff filed a transcript of his judgment in the circuit court, issued execution thereon, caused a levy to be made on the premises, and filed this bill in aid of such execution. From a decree setting aside this conveyance as to plaintiff, defendants appeal.

It is undisputed that the affidavit for the transcript was prepared July 31, 1917, and that it was filed and sworn to before the justice on the next day, August 1st, and that on the latter date the transcript was filed in the circuit court and execution issued. The jurat to the affidavit is as follows:

"Subscribed and sworn to before me this........
.........................day of July, A. D. 1917.
                          "HENRY C. CLARK,
                          "Justice of the Peace."

On behalf of defendants it is insisted that this defect, the omission of the date, is not amendable; that the affidavit is jurisdictional; that the affidavit must

show the amount due at the time, and although a few days may intervene the making of the affidavit and the filing of the transcript and issuing execution, no date in July being given as the date the affidavit was sworn to, and the transcript being filed August 1st, the levy was not a valid one and these proceedings have no valid foundation and must fail. We are impressed that the solution of this question must turn upon whether this defect could be cured by amendment. If the jurat was amendable the trial court could permit the amendment or this court on appeal could amend to save the decree. Sections 12478, 12480, 3 Comp. Laws 1915; *Smith* v. *Pinney*, 86 Mich. 484; *Enright* v. *Insurance Co.*, 91 Mich. 238; *Johnson* v. *County of Muskegon*, 195 Mich. 722.

In the early case of *People, ex rel. Dickinson*, v. *Simondson*, 25 Mich. 113, the affidavit for appeal was not signed by the party and the jurat was not signed by the justice. It was held that the appeal was not invalid, that the justice might sign the jurat *nunc pro tunc* or a further return might be required to establish whether the affidavit had in fact been sworn to, and the distinction was recognized between affidavits sworn to before some other officer and those sworn to before the justice. As to the former it was held that the jurat must be signed; as to the latter it was said:

"But when the appellant has sworn to it before the justice himself, he has done all that can be required of him in respect to the affidavit, and the neglect of the justice to perform his duty, by signing a proper jurat, ought not to prejudice the rights of the appellant."

This case was followed in *Merrick* v. *Mayhue*, 40 Mich. 196, where the proceedings involved were the filing of a transcript of a judgment of a justice of the peace, the same proceedings here under consideration.

See, also, *Wattles* v. *Wayne Circuit Judge,* 117 Mich. 662 (72 Am. St. Rep. 590); *Union National Bank* v. *Muskegon Circuit Judge,* 117 Mich. 678; *Wynkoop* v. *Grand Traverse Circuit Judge,* 113 Mich. 381; *Bradley* v. *Andrews,* 51 Mich. 100. We are persuaded that the omission of the justice to insert the date in the jurat was not such a defect as rendered the proceedings void. The affiant signed and filed with the justice a proper affidavit. The neglect of the justice to fill in the date was not fatal.

Defendant Henry Sprague was in ill health at the time of the trial and was not called as a witness. Nor was his testimony taken by deposition. Defendant Gail H. Sprague and others of the family were called. The theory of the defense in the court below was and here is that defendant Gail H. had remained with his parents after reaching the age of 21, some ten years; that the conveyance in question as to that portion of the premises above the mortgage and homestead exemptions was in payment for past services, and as to the homestead was to pay for future care and support, anything remaining therefrom to be divided between the children of Henry at his death. There was testimony in defendant's case that he was to have the 40 for his services to his parents; that there was due him at the time of the conveyance an amount equal to the value of the premises above the mortgage, figuring his wages at $25 per month, which in one part of his testimony he says was the agreed price, and there was testimony to support his claim. He admitted that his needs have been provided from the farm, admitted the receipt of a horse from his father but claims it was given to him. The trial judge who heard and saw the witnesses did not give credence to his claim that he had earned and had coming to him the value of the premises above the mortgage and exemptions, but concluded that the con-

veyance was made as a consideration for future support and upon the authority of *Rynearson* v. *Turner,* 52 Mich. 7, and *Walker* v. *Cady,* 106 Mich. 21, sustained the bill. In determining the case he said:

"After being furnished with very studiously prepared briefs in the case I can come to no other conclusion than that the conveyance in this case, so far as the plaintiff in this case is concerned, was fraudulent. The defendant has not made out a harmonious defense, and I am led to believe the case should be governed by the case in the 52d Michigan, page 7, and the 106th Michigan, page 25.

"The relief sought by the plaintiff in this case should be granted, and decree will be drawn accordingly."

While this court hears the case *de novo* we must recognize the advantage possessed by the trial judge who saw the witnesses, heard their testimony, noted their demeanor on the stand, their candor or want of candor, and was thus able to measure their credibility. *Peets* v. *Peets,* 156 Mich. 87; *Thompson* v. *Hurson,* 201 Mich. 685; *Crampton* v. *Crampton,* 205 Mich. 233. A careful reading of all the testimony offered on behalf of defendants fails to convince us that the trial judge incorrectly weighed and measured their claims. The judgment involved was the renewal of a former judgment; the indebtedness was an old one. For many years during its existence defendant Henry Sprague was execution proof due to the title to the farm being held by him and his wife. Upon her death the title vested in him by right of survivorship. Before he buried his dead, he and other members of the family bestirred themselves so that the title was again placed where he was execution proof. While it was competent to prove by the attorney, who acted as scrivener, the circumstances of the transaction, what was told him by the parties is not evidence of the facts stated by them. We are disinclined to disturb

the conclusion of the trial judge on the facts. But the decree as signed, we think, went too far. It set aside the deed *in toto*, and authorized the sheriff to sell the entire premises. To the extent of $1,500 these premises were exempt, and the defendant Henry Sprague could deal with such exempt property as he saw fit and no creditor could complain. It could not be sold to satisfy plaintiff's claim, and its conveyance would not be in fraud of plaintiff's rights. *Fischer* v. *McIntyre*, 66 Mich. 681; *Anderson* v. *Odell*, 51 Mich. 492; *Cullen* v. *Harris*, 111 Mich. 20 (66 Am. St. Rep. 380); *Eagle* v. *Smylie*, 126 Mich. 612 (86 Am. St. Rep. 562); *Rhead* v. *Hounson*, 46 Mich. 243.

The decree of the court below should therefore be modified so as to exclude from its operation, and to relieve from the levy, the homestead as to the value of $1,500. As so modified it will be affirmed. No costs of this court will be allowed.

BIRD, C. J., and OSTRANDER, MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred.