MILLS *v.* GENERAL DISCOUNT CORPORATION.

LAPOINTE *v.* SAME.

KELLER *v.* SAME.

APPEAL AND ERROR—EXCEPTIONS TO FINDINGS—STATUTES—QUES-
TIONS FOR REVIEW.

Where, in a case tried before the judge without a jury, no
exceptions were filed to the findings of fact or law, as
required by Circuit Court Rule No. 45, defendant's con-
tention that said rule is superseded by 3 Comp. Laws
1915, § 12632, cannot be sustained, and the only question
open to the Supreme Court for review on error is whether
the findings of fact support the judgment.

Error to Lenawee; Hart (Burton L.), J. Submitted
January 16, 1923. (Docket Nos. 101-103.) Decided
March 22, 1923.

Separate actions in assumpsit by Perry Mills, Robert
N. LaPointe and others, and Cashey L. Keller against
the General Discount Corporation on a special contract
for feeding certain cattle. Judgments for plaintiffs.
Defendant brings error. Affirmed.

*Charles S. Abbott* and *John R. Rood,* for appellant.

*Charles L. Robertson* and *J. N. Sampson,* for ap-
pellees.

WIEST, C. J. The above actions are practically
identical in their material facts. The plaintiffs are
farmers of Lenawee county, Michigan. The defend-
ant is engaged in the business of discounting accept-
ances and similar commercial paper in Detroit, Mich-
igan. In the summer of 1921, one John Edwards

came to the General Discount Corporation, representing that he was engaged in the cattle business, and wished to borrow about $17,500 for about ten days to move a train of cattle from Chicago to Monroe, Michigan, where he said he had arrangements to put them on feed with farmers of that vicinity.  Finally it was arranged that the General Discount Corporation should, through its Chicago correspondent, pay that amount and take a bill of sale of the steers, and have them shipped in its name, care of Mr. Edwards, to Monroe as security for the loan, which was done. The cattle were purchased in Chicago in the name of the General Discount Corporation and shipped in its name, care of Mr. Edwards, to Monroe, Michigan, where they were parceled out by Edwards among farmers, including the plaintiffs in these three cases. These plaintiffs sued the General Discount Corporation on a special contract for feeding the cattle, claimed a lien on the cattle under section 14831, 3 Comp. Laws 1915, and also declared on the common counts; and the court below gave judgments for the plaintiffs, on the theory that Mr. Edwards was agent for the defendant or was engaged in a joint enterprise with defendant.  The three cases were tried together before the circuit judge without a jury, it being stipulated by the parties that the facts shown in the case of Mills *v.* General Discount Corporation should apply to and be used in the other two cases in so far as they were applicable.  The court, in deciding these cases, filed findings of fact and conclusions of law in each case on April 20, 1922.  The brief of the defendant was filed in this court December 21, 1922.  The case is brought into this court by writ of error.

Defendant filed no exceptions to either the findings of fact or law.  On January 11, 1923, a motion was made on its behalf in this court to amend the record so as to show that exceptions were taken, and counsel

cite in support of such motion section 12632, 3 Comp. Laws 1915. Counsel say this statute makes it unnecessary to take exceptions to findings of fact and law, and that, if Circuit Court Rule No. 45 is in conflict with the statute, the statute supersedes the rule.

The recent case of *Curry* v. *Shears*, 216 Mich. 699, is in conflict with the contention of counsel, and, we think, is controlling of the instant case, and the only question open to us to review is whether the findings of fact support the judgment. See *Rameau* v. *Valley*, 168 Mich. 569, and *Simon* v. *Zarevich*, 213 Mich. 662. It would profit no one to incorporate the findings in this opinion, and we content ourselves with saying they support the judgment.

The judgment is affirmed, with costs to the appellee.

FELLOWS, MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.