WALKINSHAW v. KNOX.

1. HOMESTEADS—EXEMPTION BEYOND REACH OF CREDITORS.
    A homestead exemption is placed beyond the reach of creditors, and therefore may be disposed of as the owner pleases.

2. SAME—FRAUDULENT CONVEYANCES—CREDITORS ENTITLED ONLY TO VALUE ABOVE EXEMPTION.
    In a suit to set aside the conveyance of a homestead as in fraud of creditors, the court below properly held that the creditors were entitled to only the amount above $1,500 that the property would sell for, since it is exempt up to that amount.

On rights of widow under homestead and exemption laws, see notes in 4 L. R. A. (N. S.) 391; L. R. A. 1917C, 365.

3. SAME—RESERVATION OF LIFE USE DID NOT SAVE EXEMPTION FOR GRANTOR'S ESTATE.

> Retention in the deed of a homestead of life use of the property did not save grantor's homestead exemption for her estate, since at her death her use ended under the terms of the deed.

Appeal from Calhoun; North (Walter H.), J. Submitted January 10, 1924. (Docket No. 35.) Decided March 5, 1924.

Bill by James E. Walkinshaw, administrator of the estate of Margaret Knox, deceased, against Charles Knox and another to set aside a deed. From the decree rendered, plaintiff appeals. Affirmed.

*J. M. Hatch,* for plaintiff.

*James W. Mackey,* for defendants.

WIEST, J. December 4, 1918, Margaret Knox, by warranty deed, conveyed two lots with a house thereon in the city of Marshall to her son and his wife, "reserving unto herself a lease for and during her natural life." This was her homestead and all the property she had. At the time of the deed she owed her daughter, Mary Jacobs, $500. In June, 1919, Margaret Knox died. The administrator of her estate, finding no assets, filed the bill herein, under 3 Comp. Laws 1915, § 13859, to have the deed set aside and thereby recover the real estate for the benefit of Mary Jacobs, sole creditor, and pay administration expenses. A decree was entered in the circuit directing a sale of the property, if upward of $1,500 could be obtained therefor, decreeing $1,500 of the proceeds to defendants and all above that amount to the estate. Plaintiff appealed.

Margaret Knox could do as she pleased with her homestead right. She could sell or give the same to her son and daughter-in-law without let or

hindrance.    Conveyance of a homestead exemption constitutes no fraud on creditors.    A homestead exemption is placed beyond the reach of creditors.    Mrs. Knox's homestead exemption, to the amount of $1,500, could not have been levied upon and sold to satisfy the claim of Mrs. Jacobs, and Mrs. Knox had a right to deal with such exemption as she saw fit and no creditor could complain.    *Van Allen* v. *Sprague*, 206 Mich. 116, and cases there cited.

The circuit judge found the conveyance, as a matter of law, fraudulent, as to any value above the homestead exemption.    Plaintiff has no reason to complain of the conclusion reached by the circuit judge.    Act No. 215, Pub. Acts 1917 (Comp. Laws Supp. 1922, § 12897), invoked by plaintiff, excepts from its provisions land exempt by law from levy and sale on execution, owned and occupied by a debtor.    Retention in the deed of life use of the property did not save her homestead exemption for her estate.    At the moment of death her use ended under the terms of the deed.

The decree in the circuit is affirmed, with costs to defendants.

CLARK, C. J., and McDONALD, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.