MAINE v. NEUMAN.

1. APPEAL AND ERROR—QUESTIONS OPEN TO REVIEW.
    Where, in case tried without jury, there are no findings of fact
    and conclusions of law, no request therefor, and no exceptions,
    there is nothing to review.

2. SAME.
    Where there is no exception to findings, only question open to
    review, on assignment of error, is whether findings support
    judgment.

Case-made from Wayne; Root (Jesse H.), J., presiding. Submitted October 22, 1930. (Docket No. 132, Calendar No. 35,196.) Decided December 2, 1930.

Case by Robert J. Maine, by next friend, against Theodore C. Neuman, doing business as Neuman Cleaners & Dyers, in common pleas court, for personal injuries sustained in an automobile accident. From judgment for plaintiff, defendant appealed to the circuit court. Judgment for defendant is reviewed by plaintiff by case-made. Affirmed.

*John W. Bennett,* for plaintiff.

*Vandeveer & Vandeveer,* for defendant.

CLARK, J. Plaintiff was injured while riding as a guest in an automobile of defendant. Averring that his injuries were due to negligence of defendant, he brought suit in the common pleas court of Detroit. The cause was appealed and tried without a jury. Defendant had judgment, which plaintiff reviews on case-made.

At the conclusion of the trial, the judge announced his decision. There are no findings of fact and conclusions of law, no request for them, and no exceptions. There is nothing to review. *Simon* v. *Zarevich,* 213 Mich. 662.

Assuming that the announcement of decision by the trial judge may be treated as findings, still there is no exception thereto, and the only question, therefore, open on review, is whether the findings support the judgment, provided it is made the basis of an assignment of error. *Dennison* v. *Carpenter,* 213 Mich. 658; *Kooman* v. *De Jonge,* 186 Mich. 292; *Mills* v. *General .Discount Corporation,* 222 Mich. 242.

Granting there is proper assignment of error raising the question, it appears that the court found no negligence of defendant. Clearly, this supports the judgment of no cause of action.

Affirmed.

WIEST, C. J., and BUTZEL, MCDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.