In re CENTRAL STAMPING & MFG. CO.
No. 31229.

District Court, E. D. Michigan, S. D.
April 20, 1948.

Arthur E. Fixel and Fixel & Fixel, all of Detroit, Mich., for petitioner and debtor in possession.

Archie Katcher, of Detroit, Mich., for respondent and mortgagee.

LEVIN, District Judge.

This is a motion by a debtor in possession under a reorganization proceeding to declare a chattel mortgage executed by it, prior to the filing of a petition for reorganization, invalid against creditors, for the reason that the mortgage fails to comply with the requirements of the Michigan Chattel Mortgage Recording and Filing Statute, Comp.Laws 1929, Sec. 13424, as amended, Pub.Acts 1935, No. 129, and for a reclassification of the claim of the mortgagee respondent herein, as an unsecured claim.

During the month of October, 1946, the debtor executed a chattel mortgage to the respondent, covering certain machinery described therein, as security for the payment of the sum of Twelve Thousand Five Hundred ($12,500) Dollars, the purchase price of the machinery. Thereafter, on May 2, 1947, the debtor filed a petition for reorganization, which was approved, and the debtor was continued in possession of its property. Schedules were filed on June 12, 1947, describing respondent as a secured creditor, and respondent was so classified in the order entered by this Court on October 14, 1947, classifying all creditors. The plan of reorganization was confirmed by this Court on December 5, 1947.

Under the Bankruptcy Act, a debtor continued in possession of its property in corporate reorganization proceedings has all the title, is vested with all the rights, is subject to all the duties and may exercise all the powers of a trustee, subject to control of the Court, Sec. 188, Bankruptcy Act, 11 U.S.C.A. § 588, and as such trustee, the duty devolves upon it of avoiding any transfer made by the debtor which under any Federal or State law applicable thereto is fraudulent against, or voidable for any other reason by any creditor of the debtor hav-

ing a claim provable under the Act. Sec. 70, sub. e(1), Bankruptcy Act, 11 U.S.C.A. § 110, sub. e(1).

The chattel mortgage discloses that it was signed on behalf of the debtor by its president, M. Dryden, that the affidavit below the signature was completed but Dryden failed to sign it, although he is mentioned and described therein as president of Central Stamping & Manufacturing Company, the mortgagor, and that the jurat was filled out, except as to the day of the month and was signed by a notary public, and his expiration date stated. It was filed for record in the office of the Register of Deeds for Wayne County, Michigan, on October 23, 1946.

Comp.Laws 1929, Sec. 13424, as amended, Pub.Acts 1935, No. 129, Sec. 26.929, Michigan Statutes Annotated, provides as follows:

"Every mortgage * * * of goods and chattels * * * which shall not be accompanied by an immediate delivery and followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor * * * unless the mortgage or a true copy thereof shall be filed in the office of the register of deeds * * * and unless the mortgagor or mortgagee * * * having knowledge of the facts shall, before the filing of the same, make and annex thereto an affidavit setting forth that the consideration of said instrument was actual and adequate, and that the same was given in good faith for the purposes in such instrument set forth. * * *"

There is no question of fraud in the execution of the mortgage, the sole contention of the debtor being that the requirement of the statute, that some person having knowledge of the facts shall "make and annex thereto an affidavit * * *" was not met in that the affidavit attached to said mortgage was not signed and the affidavit therefore was void of legal effect.

■ An affidavit is defined by Bouvier as a "statement or declaration reduced to writing and sworn to or affirmed before some officer who has authority to administer an oath or affirmation." 1 Bouvier's Law Dictionary, Rawle's 3d Rev., Affidavit, page 158. To the same effect—Black's Law Dictionary, 2d Ed.; June v. School Dist. No. 11, 283 Mich. 533, 278 N.W. 676, 677, 116 A.L.R. 581, holding that "an affidavit consists of statement of fact, which is sworn to as the truth." See also In re Beecher, D.C., 50 F.Supp. 530.

■ Nowhere in the Michigan statute does it appear that the affidavit must be signed by the affiant. He must make the affidavit, he must swear to it, and the fact of his swearing must be certified by a proper officer. The affidavit of the respondent annexed to the mortgage clearly meets the foregoing requirements. It reads as follows:

"State of Michigan
"County of Wayne—SS

"M. Dryden of City of Detroit, being duly sworn, deposes and says, that he is Pres. of Central Stamping & Mfg. Co., the mortgagor named in the within and foregoing Chattel Mortgage, that the consideration of said Chattel Mortgage was actual and adequate, and that said Chattel Mortgage was given in good faith for the purpose therein set forth, and that this deponent has knowledge of these facts, and that he is authorized to and does make this affidavit for and on behalf of said mortgagor.

"Subscribed and sworn to before me this ——— day of October, 1946.

"(Signed)  John Wheeker, Notary Public, Wayne County, Mich.

"My commission expires Oct. 31, 1947."

■ The debtor's contention that the failure of the affiant to sign the affidavit renders it a nullity is not well taken. It has been held in some jurisdictions that an unsigned affidavit in replevin and attachment proceedings is invalid,[1] but it is the settled law in Michigan that an affidavit attached to a chattel mortgage sworn to, but not

---

1 A paper described and referred to in attachment proceedings as an affidavit on which the attachment issued but not signed by anyone is no affidavit. Harga-

dine v. Van Horn, 72 Mo. 370. Also Robertson v. Roberston, 270 Mo. 137, 192 S.W. 988.

subscribed is sufficient. Rameau v. Valley, 168 Mich. 569, 134 N.W. 987, 988.

"The material objection by defendants to the chattel mortgage was that it had no affidavit attached (Act No. 332, P.A.1907) in that, although sworn to, it was not signed by affiant. This court has repeatedly held that such an affidavit is valid. Wynkoop v. [Grand Traverse] Circuit Judge, 113 Mich. 381, 71 N.W. 640, and cases cited."

This decision was the authority for an opinion of December 20, 1945, No. 0–4204, by the Attorney General of the State of Michigan, holding that under Sec. 26.929 Michigan Statutes Annotated, the office of the Register of Deeds is under a duty to accept for filing a chattel mortgage signed by the mortgagor, with affidavit annexed thereto, although the affidavit is not signed by the mortgagor.

It is of interest to note in the determination of the question before the Court that the Michigan Supreme Court held an affidavit sufficient, although not subscribed by the affiant, where the oath is certified by a proper official. See on an affidavit for appeal, People v. Simondson, 25 Mich. 113; on an affidavit for execution, Merrick v. Mayhue, 40 Mich. 196; on an affidavit for writ of replevin, Bloomingdale v. Chittenden, 75 Mich. 305, 42 N.W. 836; on an affidavit of publication, Wynkoop v. Grand Traverse Circuit Judge, supra.

The debtor strongly urges that the case of People v. Burns, 161 Mich. 169, 125 N. W. 740, 741, 137 Am.St.Rep. 466 is support for its contention that the mortgage in question does not meet the requirements of the statute. In that case there was attached to the mortgage "the printed form of an affidavit, which was signed by the president of the * * * Company, and there it stopped. There was no jurat attached. There was nothing about it to indicate that it had been sworn to." The Court went on to say:

"This paper had only a blank jurat, and it did not show on its face, as it should, who administered the oath, nor that any oath was ever administered. Such a paper must be held to be a nullity." This holding does not in any sense conflict with the one in Rameau v. Valley, supra. The cases of Ponsrok v. City of Yonkers, 254 N.Y. 91, 171 N.E. 917 and Merrifield v. Village of Paw Paw, 274 Mich. 550, 265 N.W. 461 are not in point and do not support the position of the petitioner in the case at bar.

 That the day of the month has been omitted from the jurat does not impair the validity of the affidavit, and if such date should become essential, the date of the recording of the mortgage is sufficient for the purpose of determining intervening rights if any accrued.

The mortgage is accordingly held valid, and the motion of the debtor is dismissed. In view of this determination it becomes unnecessary to consider the question as to whether the debtor may move at this time to reclassify the respondent's claim.

An order will be entered in accordance with this opinion.