BITTICK *v.* STATE.

Opinion delivered November 4, 1899.

1. AFFIDAVIT FOR CHANGE OF VENUE—OMISSION OF CLERK'S SIGNATURE. —A conviction of a felony will not be set aside because the defendant's affidavit to his application for a change of venue was not signed by the clerk before whom it was made, such omission being amendable. (Page 132.)

2. INSTRUCTIONS—HARMLESS ERROR.—Where the jury were instructed to convict defendant of voluntary manslaughter if they found that he acted in a sudden heat of passion caused by considerable provocation, and they so convicted him, and there was evidence that he acted in the heat of passion and not in self-defense, errors in instructions given on the right of self-defense, and in comments thereon by the prosecuting attorney, will not be ground for new trial if they manifestly were not prejudicial. (Page 132.)

Appeal from Craighead Circuit Court, Jonesboro District.

FELIX G. TAYLOR, Judge.

*E. F. Brown* and *N. F. Lamb*, for appellant.

The court had no jurisdiction, and consent could not give it. 48 Ark. 51. It was error to instruct the jury that defendant was bound to retreat unless by so doing he would have increased his danger. 49 Ark. 543. It was also error for the court to repeat this instruction several times in different instructions. 38 Ark. 334; 43 Ark. 184; 59 Ark. 143. There was error in the sixth instruction. 62 Ark. 286.

*Jeff Davis, Attorney General, and Chas. Jacobson,* for appellee.

The failure of the clerk to affix the jurat to the petition was a mere irregularity, and could not have prejudiced appellant. 5 Ark. 409; 22 Ark. 216; 26 Ark. 142. The instructions as to the duty of appellant to retreat were correct. 37 Ark. 253. There was no error in the sixth instruction. 1 Russ. Cr. 662; 23 Ala. 28; 55 Ark. 600, 601.

BATTLE, J.   Charles Bittick was indicted by a grand jury of the circuit court of the Eastern district of Clay county for murder in the first degree.   On his application for change of venue, the cause was transferred to the circuit court of the Jonesboro district of Craighead county.   He was tried in the latter court, and convicted of voluntary manslaughter.   He now insists that the conviction was void because the circuit court in which he was tried did not have jurisdiction.   The ground of this contention is that the memorandum at the end of his affi-davit to his application, which was intended as a jurat, was not signed by the clerk before whom it was made.   He signed the affidavit, and the court found that it was sworn to by him. His affidavit was supported by the affidavits of two credible persons, and was not void because it was not signed by the clerk, if it was sworn to.   *Fortenheim* v. *Claflin*, 47 Ark. 49. The omission of the clerk to sign it was a mere error, and was amendable.   The defendant was not prejudiced by it, as the venue was changed upon his application; and he has no right to complain.   *Potter* v. *Adams*, 24 Mo. 159; *State* v. *Knight*, 61 Mo. 373; *State* v. *Potter*, 16 Kas. 80, 93.

He objected to the instructions which the court gave to the jury upon the right of self defense, and the comments upon them by the attorney for the state.   As he was convicted of voluntary manslaughter, it is evident that the jury found that the killing was done by him "in a sudden heat of passion caus-ed by considerable provocation."   In that event the court in-structed them to convict, as they did.   There was evidence to show that in the killing of which he was accused he acted in the heat of passion, and not in self defense; and we think that it is manifest that he was not prejudiced by the alleged errors of which he complains.   Judgment affirmed.

HUGHES, J., did not participate.