WISE *v.* YUNKER.·

1. FRAUDS, STATUTE OF—ORAL CONTRACT POSSIBLE OF PERFORMANCE WITHIN YEAR.

An oral agreement between landlord and tenants that the latter should erect a small building on the leased ground and that when they vacated the landlord should pay them the actual cost of its construction, without interest, and that the tenancy might be terminated by either party giving six months' notice, *held*, not within the statute of frauds, although it was occupied for over four years, since it was possible of performance within a year.

2. PARTNERSHIP—FICTITIOUS NAMES—FILING CERTIFICATE—JURAT SUFFICIENT ALTHOUGH UNSIGNED BY NOTARY.

Where the certificate required by 2 Comp. Laws 1915, § 6349 *et seq.*, as amended by Act No.·.263,˙ Pub. Acts 1919, as to the name under which a business by' a partnership was carried on, was prepared and signed and one of the partners swore to the requisite affidavit before a notary public who filled in the date of the jurat, affixed the date her commission expired but neglected to sign her name to the jurat, the omission was not fatally defective, and the

partners were not thereby barred from maintaining an action.

3. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—ABUSE OF DISCRETION.

Where, in an action by former tenants against the landlord for the construction price of a small building erected and used by them on the leased land, on the trial the jury had before it the fact that the plaintiffs had taken insurance on the building as their own, the trial judge did not abuse his discretion in denying defendant's motion for a new trial on the ground of newly-discovered evidence consisting of an application for insurance in which it was represented that the title was in plaintiffs, where it appears that an insurance inspector signed plaintiffs' firm name to the application, and it therefore had little probative force.

Error to Van Buren; Des Voignes (L. Burget), J. Submitted April 26, 1923. (Docket No. 60.) Decided June 4, 1923.

Assumpsit by Raymond J. Wise and others, copartners as Wise & Rich, against Nicholas Yunker for the value of a building on leased premises. Judgment for plaintiffs. Defendant brings error. Affirmed.

*Earl L. Burhans* and *William J. Barnard,* for appellant.

*Thomas J. Cavanaugh,* for appellees.

FELLOWS, J. Plaintiffs conduct a hardware store at Gobleville in Van Buren county. In 1916 they were renting their store building of defendant and were also renting from one Terry a small building adjoining defendant's store building for a tin shop. Terry desired the small building for his own use and requested plaintiffs to vacate. It is the claim of plaintiffs that they conferred with defendant about the situation and informed him that they would have to have more room or move out, and that

as a result of such conference an agreement was reached that they should erect a small building on defendant's land adjoining the store and that when they vacated defendant should pay the actual cost of construction of such small building without interest, and that their tenancy might be terminated by either party giving six months' notice. The small building was erected by plaintiffs and used in their business in connection with defendant's store building for something over four years. After giving the six months' notice plaintiffs vacated both buildings and called upon defendant to pay the expense of erecting the small one. He denied making any such agreement as plaintiffs claimed and refused to pay the costs of erecting the small building. This suit was then brought resulting in a verdict and judgment for plaintiffs.

1. The contract claimed by plaintiffs to have been made was one which was possible of performance within a year and was not within the statute of frauds. In *Herron* v. *Raupp,* 156 Mich. 162, this court held (quoting from the syllabus):

"An oral contract, the performance of which might be demanded, and the performance thereof possible, within a year is not within the statute of frauds, although in the contemplation of the parties a longer period might be taken."

2. Before instituting this suit plaintiffs prepared and signed the certificate required by Act No. 101, Pub. Acts 1907 (2 Comp. Laws 1915, § 6349 *et seq.*), as amended by Act No. 263, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 6353), and one of them signed and swore to the requisite affidavit before a notary public of Van Buren county. The notary public filled in the date of the jurat, affixed the date her commission expired but neglected to sign her name to the

jurat. The papers thus made out were filed in the office of the county clerk. Upon the trial it was insisted that the affidavit was a nullity and the failure to file a valid affidavit precluded plaintiff from maintaining this suit. This presents the principal question in the case. The question of defective jurats has been before this and other courts on numerous occasions. The rule has been thus announced in Ruling Case Law (1 R. C. L. p. 769) :

"The jurat is simply a certificate evidencing the fact that the affidavit was properly made before a duly authorized officer. Although it has been said that strictly speaking it is no part of the affidavit, but simply evidence that the latter has been duly sworn to by the affiant, common prudence would dictate that a properly executed jurat be attached to every affidavit. Its omission, however, in the absence of a statute to the contrary, is not fatal to the validity of an affidavit so long as it appears either from the rest of the instrument or from evidence *aliunde* that the affidavit was in fact duly sworn to before an authorized officer. This rule is based upon the principle that a party should not suffer by reason of the inadvertent omission of the officer to perform his duty."

In the case of *People, for use of Esper,* v. *Burns,* 161 Mich. 169, relied upon by defendant, this court had before it a mandatory statute, Act No. 258, Pub. Acts 1905 (3 Comp. Laws 1915, § 11988), and it will be noted that the opinion stresses the fact that there was nothing appearing on the face of the papers indicating that the affidavit had been sworn to. Here we have before us a remedial statute (Act No. 263, Pub. Acts 1919) unquestionably passed to relieve parties from the rigor of the act of 1907 as construed by this court. The papers in the instant case bear upon their face evidence that the affidavit was sworn to; the jurat is dated and the date of the expiration

of the commission of the notary is appended. In *Dickinson* v. *Simondson,* 25 Mich. 113, the precise defect here involved, *i. e.,* failure of the officer to sign the jurat, was before the court. In holding the affidavit valid it was there said:

"But when the appellant has sworn to it before the justice himself, he has done all that can be required of him in respect to the affidavit, and the neglect of the justice to perform his duty, by signing a proper jurat, ought not to prejudice the rights of the appellant."

In the recent case of *Van Allen* v. *Sprague,* 206 Mich. 116, the affidavit involved was one made to obtain a transcript of a judgment of a justice of the peace for the purpose of filing it in the circuit court and issuing execution thereon. The jurat was undated. We there said:

"We are persuaded that the omission of the justice to insert the date in the jurat was not such a defect as rendered the proceedings void. The affiant signed and filed with the justice a proper affidavit. The neglect of the justice to fill in the date was not fatal."

Numerous cases in other jurisdictions will be found where the precise question here involved has been before the courts; and where no mandatory statute has prevented, the courts with a marked degree of unanimity have held that the failure of the officer to affix his name to the jurat does not render the affidavit void. Among the cases see *James* v. *Logan,* 82 Kan. 285 (108 Pac. 81, 136 Am. St. Rep. 105); *Borough of Pottsville* v. *Curry,* 32 Pa. St. 443; *Capner* v. *Flemington Mining Co.,* 3 N. J. Chan. 467; *Farrow* v. *Hayes & Co.,* 51 Md. 498; *Finley* v. *West,* 51 Mo. App. 569; *Bittick* v. *State,* 67 Ark. 131 (53 S. W. 571); *Beach* v. *Averett,* 106 Ga. 73 (31 S. E. 806, 71 Am. St. Rep. 239);

*Larson* v. *People,* 170 Ill. 93 (48 N. E. 443) ; *Williams* v. *Stevenson,* 103 Ind. 243 (2 N. E. 728) ; *Hyde* v. *Adams,* 80 Ala. 111; *Stout* v. *Folger,* 34 Iowa, 71 (11 Am. Rep. 138). And this court in numerous cases has considered the question of defective affidavits; among them see *People* v. *Lane,* 124 Mich. 271; *Merrick* v. *Mayhue,* 40 Mich. 196; *Bradley* v. *Andrews,* 51 Mich. 100; *Sullivan* v. *Hall,* 86 Mich. 7 (13 L. R. A. 556) ; *Bloomingdale* **v.** *Chittenden,* 75 Mich. 305; *Wynkoop* v. *Grand Traverse Circuit Judge,* 113 Mich. 381. An examination of the authorities is convincing that the rule is correctly stated by Ruling Case Law and, following it, we hold that the affidavit in question being filed in pursuance of the provisions of a remedial statute is not void, and plaintiffs' right to recover is not barred by the defect in it.

3. Upon the trial it was made to appear that plaintiffs had taken out insurance upon the small building in their names and the insurance policy was produced by them upon notice and was introduced in evidence. After the trial defendant made a motion for a new trial based in part on newly-discovered evidence, being the application of plaintiffs for the insurance in which it was represented that the title to the building was in plaintiffs. We do not think the trial judge abused his discretion in denying the motion for a new trial. The jury had before it the fact that plaintiffs had taken insurance upon the property as their own. The application appears to be signed "Wise & Rich, per Davis." No member of the firm is named Davis and it does not appear that any one connected with the business bears that name. The survey made by the insurance company of the building is signed "Davis, Inspector." Putting these two things together makes it apparent that the agent of the insurance company signed plaintiffs' firm name

to the application.    If so, the application had little probative force.

The other assignments of error have been considered but do not require discussion.    There is no reversible error upon this record.

The judgment is affirmed.

WIEST, C. J., and MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.