MERRIFIELD *v.* VILLAGE OF PAW PAW.

1. MUNICIPAL CORPORATIONS—CLAIMS—AFFIDAVITS.

Term ''verified'' as applied to claims against municipal corporations refers to an affidavit attached thereto as to truth of matters therein set forth within the personal knowledge of affiant and averments on which liability of municipal corporations is predicated must be of such a nature that, if false, a charge of perjury may be predicated thereon (1 Comp. Laws 1929, § 1534; Act No. 328, § 423, Pub. Acts 1931).

2. AFFIDAVITS—UNSIGNED JURAT—PERJURY.

A charge of perjury may not be based on an affidavit whose jurat is not signed by the notary public (Act No. 328, § 423, Pub. Acts 1931).

3. MUNICIPAL CORPORATIONS—CLAIMS—VERIFICATION—STATUTES.

Statute providing that failure to verify claim against municipal corporation shall be a defense to action for collection thereof *held,* mandatory (1 Comp. Laws 1929, § 1534).

4. SAME—AFFIDAVITS—JURAT.

Signature of notary to jurat of affidavit attached to claim presented against municipal corporation *held,* essential to carry out purpose of statute, namely, to subject claimant to charge of perjury in case claim be false (1 Comp. Laws 1929, § 1534; Act No. 328, § 423, Pub. Acts 1931).

Appeal from Van Buren; Warner (Glenn E.), J. Submitted January 14, 1936. (Docket No. 67, Calendar No. 38,760.) Decided March 2, 1936.

Case by Bert Merrifield against the Village of Paw Paw, a municipal corporation, for personal injuries sustained by stepping into an opening in a sidewalk. Verdict and judgment for plaintiff. Defendant appeals. Reversed.

*David Anderson* and *David Anderson, Jr.,* for plaintiff.

*Alexander, McCaslin & Cholette,* for defendant.

BUTZEL, J. The removal of a pole, and subsequent failure to completely fill up the hole it was planted in, left an opening extending about one foot into the sidewalk and variously estimated to be from 1½ to 5 inches deep, in the walk on a main street in the village of Paw Paw, Michigan. One bright day, October 5, 1934, at about 3 p. m., plaintiff stepped into this hole, stumbled, fell and suffered injuries. On November 27, 1934, he presented to the village of Paw Paw a claim for damages amounting to $2,675. He signed both the claim and the "affidavit" to the claim. The jurat, which appeared at the bottom of the page on which the "affidavit" was written, was not signed by a notary. The village council in denying plaintiff's claim gave as one of its reasons that the "claim has not been filed in accordance with the statute in such case made and provided." Plaintiff, making no attempt to cure the defect, thereupon brought suit against the village and on the trial of the case produced testimony of a notary to show that she took plaintiff's "affidavit" prior to its presentation to the council, but neglected to sign the jurat. Plaintiff's request that the notary be permitted to affix her signature at the trial was denied. At the close of the case, defendant moved for a directed verdict on the ground, among others, that the absence of the notary's signature on the jurat of the affidavit to the claim presented to the council was an absolute defense to plaintiff's action. The trial judge denied defendant's motion and the jury returned a verdict against the defendant in the sum of $1,000.

Section 1534, 1 Comp. Laws 1929, provides, in part:

"The council shall audit and allow all accounts chargeable against the village; but no account or claim or contract shall be received for audit or al-

lowance, unless it shall be accompanied with \* \* \* an affidavit of the person rendering it, to the effect. \* \* \* *It shall be a sufficient defense in any court, to any action or proceeding for the collection of any demand or claim against the village for personal injuries or otherwise that it has never been presented, certified to or verified as aforesaid, to the council for allowance.*"

The necessity for the verification was discussed in *Kelley* v. *City of Flint,* 251 Mich. 691, where we held that the term "verified" as applied to such claims has a settled meaning and refers to an affidavit attached thereto as to the truth of the matters therein set forth within the personal knowledge of the affiant and that the averments on which the liability of the city is predicated must be of such a nature that, if false, a charge of perjury may be predicated thereon under 3 Comp. Laws 1915, § 14973 (3 Comp. Laws 1929, § 16564 \*). The difficulty of a successful prosecution for perjury based on an affidavit whose jurat is not signed by a notary is obvious. The statute, moreover, is explicit. It contains an express mandatory provision which makes the failure to verify the claim a defense to any action or proceeding for the collection of such claim. A case somewhat similar, though it referred to a failure to fill in the jurat on a chattel mortgage, is *People, for use of Esper,* v. *Burns,* 161 Mich. 169 (137 Am. St. Rep. 466). The chattel mortgage act (Act No. 258, Pub. Acts 1905 †) then in effect provided:

"Unless the mortgagor \* \* \* shall, before the filing of the same (mortgage), make and annex thereto an affidavit setting forth. \* \* \* No officer shall re-

---

\* Repealed by Act No. 328, § 567, Pub. Acts 1931, and substantially reenacted by section 423 thereof.—Reporter.

† See 3 Comp. Laws 1929, § 13424, as last amended by Act No. 129, Pub. Acts 1935.—Reporter.

ceive such instrument, or file the same in his office, until such affidavit is made and annexed thereto.''

The court held that the affidavit which only contained a blank jurat and which did not show on its face, as it should, who administered the oath or that any oath was ever administered, was a nullity. In the recent case of *Ponsrok* v. *City of Yonkers*, 254 N. Y. 91 (171 N. E. 917), the court was confronted with a suit by the plaintiff against a municipality for damages caused by the backing up of a sewer. The affidavit instead of being signed by the plaintiff, affiant, was signed by the notary, while the jurat was unsigned and only the notary's official seal appeared thereon. The New York statute on the presentation of claims against a municipality is quite similar to ours, the condition to suit being the filing of a verified claim. The court held:

''Municipal liability for injuries is a matter which is within the control of the legislature and when it declares upon what such liability shall be predicated, the statutory provisions are controlling. * * * If the notice of claim does not comply with the statutory requirements, if it is not a *verified notice of claim,* the complaint was properly dismissed. No other form of notice is sufficient. * * * The court must, therefore, construe the words 'verified by the oath of claimant' in order to determine whether the action may be maintained. * * * A notice of claim is not 'verified by the oath of claimant,' when the affidavit is subscribed not by claimant but by the notary and the jurat is not subscribed by the notary *and is attested only by his official seal.*''

We do not believe that the case of *Wise* v. *Yunker,* 223 Mich. 203, which holds that an unsigned jurat is *not* a fatal defect under the assumed name statute, binds us. That case distinguishes the holding of

*People, for use of Esper,* v. *Burns, supra,* on the grounds that the court in the *Burns Case* had before it a "mandatory" statute. The statute in the instant case is mandatory too, and we are bound to follow the interpretation set up in *People, for use of Esper,* v. *Burns, supra.* Moreover, the purpose of the statute in the instant case is wholly different from that in the case of *Wise* v. *Yunker, supra.* In that case, the purpose of the statute was to force the filing of assumed name certificates. In the instant case the purpose of the statute is to minimize the ever present possibility of trumped-up claims being presented to the municipality by making it a condition precedent that claimant present his claim in a form which would leave him open to a prosecution for perjury if the claim were false. The notary's signature is essential to carry out the purpose of our statute, while it was not so in the case of *Wise* v. *Yunker, supra.*

There are other Michigan cases which have held the absence of the notary's signature not to be a fatal defect. See *People, ex rel. Dickinson,* v. *Simondson,* 25 Mich. 113; *People* v. *Lane,* 124 Mich. 271; *Peterson* v. *Fowler,* 76 Mich. 258. An examination of these cases, however, will demonstrate that either the statute, under which the affidavit was taken, was not mandatory or that, in the words of the court in the case of *Peterson* v. *Fowler, supra,* the failure of the officer to affix his signature to the jurat was a "mere technicality." The defect in the instant case was serious and consequently fatal.

The judgment is reversed without a new trial, with costs to defendant.

NORTH, C. J., and FEAD, WIEST, BUSHNELL, EDWARD M. SHARPE, POTTER, and TOY, JJ., concurred.