WOOD v BEDIAKO

Docket No. 267190. Submitted August 8, 2006, at Grand Rapids. Decided October 26, 2006, at 9:00 a.m. Leave to appeal sought.

Alisha Wood, as personal representative of the estate of her deceased son, Bradley Wood, brought a medical malpractice action in the Hillsdale Circuit Court against Alfred K. Bediako, M.D.; Hillsdale Obstetrics & Gynecology, P.C.; and Hillsdale Community Health Center (HCHC). The plaintiff's counsel had prepared three original affidavits of merit, one of which was not notarized. The unnotarized affidavit of merit was attached to the plaintiff's complaint. When HCHC later moved for summary disposition, the plaintiff's response contained a copy of one of the notarized affidavits. Bediako and Hillsdale Obstetrics subsequently moved for summary disposition on the ground that the defective affidavit filed with the complaint did not toll the period of limitations, which had since expired. The court, Michael R. Smith, J., granted all the defendants summary disposition. The plaintiff appealed.

The Court of Appeals *held*:

The trial court erred by failing to consider the notarized affidavit subsequently filed before the period of limitations expired. When deciding a summary disposition motion brought under MCR 2.116(C)(7) and (10), a trial court is required to consider all admissible evidence then filed in the action. The unnotarized affidavit filed with the complaint was not valid. A plaintiff must file both a complaint and an affidavit of merit to toll the period of limitations in a medical malpractice action. When a plaintiff files a complaint without an affidavit of merit, the action is subject to dismissal without prejudice before the period of limitations has run. The defendants, however, did not seek dismissal before the period of limitations expired. The unnotarized affidavit was otherwise sufficient and provided the defendants with notice of the plaintiff's theory. The plaintiff remedied the lack of notarization when she filed a notarized copy within the period of limitations, and the defendants were not prejudiced by the delayed filing. While the subsequent filing of an affidavit of merit after the limitations period has run does not relate back to the original

filing, the subsequent filing of an affidavit of merit before the limitations period has run operates to toll the limitations period and commence the suit unless a defendant moves for dismissal or can demonstrate prejudice.

Reversed and remanded.

ZAHRA, P.J., concurred in the majority's decision, but wrote separately to state that the affidavit of merit filed with the complaint was valid under MCL 600.2912d. The affidavit did not contain a jurat completed by the person before whom the affidavit was sworn. MCL 600.2912d(1), however, does not expressly require a jurat. It only requires an affidavit of merit signed by a health professional. The lower court record contains evidence from other sources that the health professional duly swore to the affidavit before a notary public. In the absence of a statutory requirement of a jurat, the affidavit cannot be held invalid. Moreover, the affidavit filed with the complaint was effective because there would be sufficient evidence to sustain a perjury charge, assuming that statements in the affidavit were willfully false.

NEGLIGENCE — MEDICAL MALPRACTICE — LIMITATION OF ACTIONS — AFFIDAVITS OF MERIT — NOTARIES.

A plaintiff must file both a complaint and an affidavit of merit to commence a medical malpractice action and toll the period of limitations; an unnotarized affidavit of merit is not valid and does not toll the period of limitations; the subsequent filing of a notarized affidavit of merit after the limitations period has run does not relate back to the original filing, but the subsequent filing of a notarized affidavit of merit before the limitations period has run tolls the limitations period and commences the medical malpractice action unless a defendant moves for dismissal or can demonstrate prejudice (MCL 600.2912d[1]; MCR 2.112[L]).

*Worsham & Victor, P.C.* (by *John J. Schutza*), for Alisha Wood.

*Aardema, Whitelaw & Sears-Ewald, PLLC* (by *Brian W. Whitelaw* and *Timothy P. Buchalski*), for Alfred K. Bediako, M.D.; and Hillsdale Obstetrics and Gynecology, P.C.

*Davis & Kuhnke, P.C.* (by *Peter A. Davis* and *Carol A. Kuhnke*), for Hillsdale Community Health Center.

Before: ZAHRA, P.J., and NEFF and OWENS, JJ.

OWENS, J. In this medical malpractice action, plaintiff appeals as of right an order granting defendants Alfred K. Bediako; Hillsdale Obstetrics & Gynecology, P.C.; and Hillsdale Community Health Center (HCHC) summary disposition on the ground that plaintiff failed to file a valid affidavit of merit with her complaint and her action was therefore time-barred. We reverse and remand for further proceedings consistent with this opinion.

This case arose from the stillbirth of plaintiff's son Bradley Wood on June 6, 2003. Plaintiff was appointed personal representative on September 2, 2003. The complaint was served on defendants on August 4, 2004, with an attached affidavit of merit signed by a physician who was board-certified in obstetrics and gynecology. The affidavit was one of three originals prepared by plaintiff's counsel on July 22, 2004. Of these three originals, for reasons unknown and assumed to be clerical error, only two were notarized. The one unnotarized affidavit was attached to the complaint filed with the court, and the two notarized affidavits were kept in the files of plaintiff's counsel. Defendants' answers to the complaint included the affirmative defense of lack of a proper affidavit of merit. HCHC moved for summary disposition on July 11, 2005, on a basis not relevant to the instant appeal. Plaintiff's response contained a copy of one of the two original notarized affidavits as an exhibit.

On October 14, 2005, Bediako and Hillsdale Obstetrics (collectively referred to in this opinion as "Bediako") moved for summary disposition pursuant to MCR 2.116(C)(7), (C)(8), and (C)(10) on the ground that the unnotarized affidavit of merit attached to plaintiff's

complaint failed to meet the statutory requirements of MCL 600.2912d. Bediako argued that the defective affidavit did not toll the period of limitations and that plaintiff's claim was barred because it had been more than two years since letters of authority were issued. HCHC concurred in Bediako's motion, noting that summary disposition was also appropriate under MCR 2.116(C)(1) and (C)(4).[1] Plaintiff responded by urging the trial court to invoke the doctrine of equitable tolling in reliance on this Court's decision in *Ward v Rooney-Gandy*, 265 Mich App 515, 520; 696 NW2d 64 (2005), rev'd 474 Mich 917 (2005).[2] At the outset of the motion hearing, the trial court noted that *Ward* had been reversed. Plaintiff argued that a notarized affidavit filed with the court before the expiration of the period of limitations "serendipitously" cured the defect and tolled the period. Plaintiff distinguished the instant action from that in *Ward* because the affidavit that was attached in *Ward* was grossly nonconforming, while the instant affidavit was merely "technically deficient."[3]

The trial court cited the standards of review for summary disposition motions brought pursuant to MCR 2.116(C)(7), (C)(8), and (C)(10). It implicitly granted summary disposition pursuant to MCR 2.116(C)(7) on the ground that the affidavit attached to the complaint was not notarized. It did not address the effect of plaintiff's subsequent serendipitous filing of a

---

[1] MCR 2.116(C)(1) and (C)(4) specify lack of personal and subject-matter jurisdiction, respectively, as grounds for summary disposition.

[2] In *Ward, supra* at 520, this Court invoked the doctrine of equitable tolling when the plaintiff's counsel accidentally attached an affidavit of merit for another case to the complaint.

[3] Plaintiff also challenged the timing of defendants' motions because they were filed after the deadline for dispositive motions, and argued that defendants' affirmative defense did not comply with the requirements of MCR 2.113(F)(1).

notarized affidavit within the period of limitations. Plaintiff argues that the failure to address the effect of the subsequent filing was error. We agree.

In determining whether a party is entitled to judgment as a matter of law pursuant to MCR 2.116(C)(7), a court " 'must accept as true a plaintiff's well-pleaded factual allegations, affidavits, or other documentary evidence and construe them in the plaintiff's favor.' " *Brennan v Edward D Jones & Co*, 245 Mich App 156, 157; 626 NW2d 917 (2001), quoting *Jackson Co Hog Producers v Consumers Power Co*, 234 Mich App 72, 77; 592 NW2d 112 (1999). The interpretation and application of a statute of limitations presents a question of law, which is reviewed de novo. *Pohutski v City of Allen Park*, 465 Mich 675, 681; 641 NW2d 219 (2002). If the language of an applicable statute is clear, no further analysis is necessary or allowed. *Id.* at 683.

The period of limitations for a medical malpractice action is two years. MCL 600.5805(6). In a civil action, generally, the period of limitations is tolled and the action is commenced when a complaint is filed. *Scarsella v Pollak*, 461 Mich 547, 549; 607 NW2d 711 (2000), citing MCR 2.101(B) and MCL 600.5856. However, to commence a medical malpractice action, and thus toll the period of limitations, a plaintiff must file both a complaint and an affidavit of merit. MCR 2.112(L); MCL 600.2912d(1). If a complaint *and* an affidavit of merit are not filed, the period of limitations is not tolled. *Young v Sellers*, 254 Mich App 447, 450; 657 NW2d 555 (2002). "To constitute a valid affidavit, a document must be (1) a written or printed declaration or statement of facts, (2) made voluntarily, and (3) confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation." *Holmes v Michi-*

*gan Capital Med Ctr*, 242 Mich App 703, 711; 620 NW2d 319 (2000). Hence, the unnotarized affidavit filed with the complaint in this case was not valid.

When a complaint is filed in a medical malpractice action without an affidavit of merit, the action is subject to dismissal without prejudice before the period of limitations has run. *Dorris v Detroit Osteopathic Hosp Corp*, 460 Mich 26, 47; 594 NW2d 455 (1999). There is no indication in the record that defendants sought dismissal on this ground before the running of the period of limitations. See MCR 2.116(C)(8); MCR 2.504(B)(1). In *VandenBerg v VandenBerg*, 231 Mich App 497, 498, 502; 586 NW2d 570 (1998), this Court found that MCL 600.2912d did not require dismissal for noncompliance when the plaintiff did not obtain an affidavit of merit until 2½ months after she filed her medical malpractice complaint, but a copy of the affidavit was served with the summons and complaint.[4] In doing so, it noted that although the statute plainly stated that an affidavit of merit "shall" be filed with a

---

[4] Additionally, this Court has considered the validity of affidavits not filed with complaints in other cases. In *Mouradian v Goldberg*, 256 Mich App 566, 571; 664 NW2d 805 (2003), two acts of malpractice were alleged, one for which the limitations period expired on November 13, 2000, and a second for which the limitations period expired on December 11, 2000. The plaintiffs filed a complaint for both acts on November 13, 2000, without an affidavit of merit. *Id.* at 568. The plaintiffs subsequently filed an affidavit of merit separately, on December 8, 2000. *Id.* Although it ultimately held that the affidavit did not toll the period of limitations because it was grossly nonconforming, this Court determined that, regarding the second act alleged, the separate filing, "on its face, . . . 'completed' " the filing of the complaint before the limitations period expired on December 11, 2000. *Id.* at 572-574, quoting *Scarsella, supra* at 550. In *Holmes, supra* at 710, the plaintiff filed an unsworn affidavit of merit several months after his complaint, before the expiration of the period of limitations. This Court examined the plaintiff's subsequently filed affidavit of merit for validity, even though it was filed after the complaint. *Id.* at 711.

complaint, the statute failed to address the consequences of not filing the affidavit at the time of the complaint. *Id.* at 500. It further noted that when the Legislature amended the statute in 1993, it eliminated the provision that allowed the trial court to dismiss the complaint if the complaint failed to meet statutory requirements. *Id.* at 501.

Moreover, the Court recognized that the defendants were not prejudiced because "they had access to the affidavit of merit from the moment they received the complaint." *Id.* at 503. We note here that although defendants did not have a valid affidavit, they did have notice of plaintiff's theory of the case from the moment they received the complaint. Moreover, the trial court found that the unnotarized affidavit otherwise met the legal and medical requirements of the statute, and defendants did not challenge its sufficiency on these grounds. And, importantly, plaintiff remedied the lack of notarization when she later filed a notarized copy within the period of limitations. Hence, we conclude that defendants were not prejudiced by the delayed filing of the notarized affidavit. See *Franchino v Franchino,* 263 Mich App 172, 191; 687 NW2d 620 (2004) (observing that actual prejudice is not caused by delay alone; rather, it occurs when an amendment to a pleading would deny the opposing party a fair trial).

In *Scarsella, supra* at 550 n 1, our Supreme Court declined to overrule *VandenBerg.* Instead, it found *VandenBerg* factually and legally distinguishable because *VandenBerg* did not involve a statute of limitations issue. Hence, while the filing of a complaint without an affidavit of merit does not toll the period of limitations, and the subsequent filing of an affidavit after the limitations period has run does not relate back

to the original filing, *id.* at 549-550, the subsequent
filing of an affidavit before the limitations period has
run will operate to toll the limitations period and
commence the suit unless a defendant moves for dis-
missal or can demonstrate prejudice. *Dorris, supra* at
47; *VandenBerg, supra* at 502.

Because a trial court is required to consider all
admissible evidence then filed in the action when decid-
ing a summary disposition motion pursuant to MCR
2.116(C)(7) and (10), see MCR 2.116(G)(5), we conclude
that the court erred in failing to consider the subse-
quently filed notarized affidavit when it granted defen-
dants summary disposition on the ground that the
period of limitations was not tolled.

Reversed and remanded for further proceedings con-
sistent with this opinion.

NEFF, J., concurred.

ZAHRA, P.J. (*concurring*). I concur in the majority's
decision reversing the trial court's order granting de-
fendants summary disposition. I write separately be-
cause I do not deem the affidavit of merit filed with the
complaint pursuant to MCL 600.2912d to be invalid.
Consequently, I would not decide the question whether
plaintiff's complaint should be dismissed for failure to
file a valid affidavit of merit with the complaint.

MCL 600.2912d(1) provides in part that

the plaintiff in an action alleging medical malpractice or, if
the plaintiff is represented by an attorney, the plaintiff's
attorney shall file with the complaint an affidavit of merit
signed by a health professional who the plaintiff's attorney
reasonably believes meets the requirements for an expert
witness under section 2169. The affidavit of merit shall
certify that the health professional has reviewed the notice
and all medical records supplied to him or her by the

plaintiff's attorney concerning the allegations contained in the notice . . . .

In *Holmes v Michigan Capital Med Ctr*, 242 Mich App 703, 711; 620 NW2d 319 (2000), this Court addressed the formal requirements of an affidavit, stating, "To constitute a valid affidavit, a document must be (1) a written or printed declaration or statement of facts, (2) made voluntarily, and (3) confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation."

In this case, the affidavit of merit filed with the complaint did not contain a completed jurat, which is "[t]he clause written at the foot of an affidavit stating, when, where, and before whom such affidavit was sworn." Black's Law Dictionary (6th ed). "Jurat" is also defined as a "[c]ertificate of officer or person before whom writing was sworn to," which commonly designates a "certificate of competent administrating officer that writing was sworn to by person who signed it." *Id.*

In *Wise v Yunker*, 223 Mich 203; 193 NW 890 (1923), our Supreme Court addressed a claim that an affidavit was invalid because the notary public failed to sign her name in the jurat. The Supreme Court reiterated the oft-cited rule governing defective jurats, stating:

> "The jurat is simply a certificate evidencing the fact that the affidavit was properly made before a duly authorized officer. Although it has been said that strictly speaking it is no part of the affidavit, but simply evidence that the latter has been duly sworn to by the affiant, common prudence would dictate that a properly executed jurat be attached to every affidavit. Its omission, however, in the absence of a statute to the contrary, is not fatal to the validity of an affidavit, so long as it appears either from the rest of the instrument or from evidence *aliunde*[1] that the affidavit

---

[1] "Evidence aliunde" is defined as "[e]vidence from outside, from another source. In certain cases a written instrument may be explained

was in fact duly sworn to before an authorized officer. This rule is based upon the principle that a party should not suffer by reason of the inadvertent omission of the officer to perform his duty." [*Wise, supra* at 206, quoting 1 Ruling Case L, p 769.]

MCL 600.2912d(1) does not expressly require a jurat, but only "an affidavit of merit signed by a health professional . . . ." Compare this with MCL 211.83(1) ("verified affidavit") and MCR 2.113(A) ("an affidavit must be verified by oath or affirmation"). See also *Merrifield v Paw Paw*, 274 Mich 550, 552; 265 NW 461 (1936) (statute expressly required certified or verified complaint); *Kelley v City of Flint*, 251 Mich 691, 695-696; 232 NW2d 407 (1930) (ordinance required duly verified complaint).

The majority concludes that "the unnotarized affidavit filed with the complaint in this case was not valid" under MCL 600.2912d(1) for purposes of commencing a medical malpractice action. *Ante* at 563. In doing so, the majority relies on *Holmes*, which distinguished *Wise* on the basis that, "[i]n *Wise*[, *supra*], the affidavit in question was not, as here, completely devoid of a jurat." *Holmes, supra* at 711-712. Admittedly, the affidavit of merit in this case is also completely devoid of a jurat. However, *Holmes* also stated that, "[b]ecause no indication exists that the doctor confirmed the document's contents by oath or affirmation before a person authorized to issue the oath or affirmation, the document does not qualify as a proper affidavit." *Id.* at 712.

Here, however, not only does evidence aliunde exist that Dr. Berke duly swore to the affidavit of merit before a notary public, but evidence of this event is contained in the lower court record. In response to one defendant's

by evidence *aliunde*, that is, by evidence drawn from sources exterior to the instrument itself, *e.g.*, the testimony of a witness to conversations, admissions, or preliminary negotiations." Black's Law Dictionary (6th ed), p 73.

motion for summary disposition, plaintiff filed a copy of
the affidavit of merit containing the completed jurat.
Further, defense counsel admitted, at the summary dispo-
sition hearing, that Dr. Berke testified in his deposition
that he swore to and signed the affidavit of merit before a
notary public. Indeed, no one disputes that Dr. Berke
signed the affidavit of merit under oath before a notary
public. Thus, because there is evidence aliunde and evi-
dence in the lower court record that Dr. Berke signed the
affidavit of merit before a notary public under oath,
*Holmes* is simply not applicable. And because a "decision
of the Supreme Court is binding upon this Court until the
Supreme Court overrules itself," *O'Dess v Grand Trunk
W R Co*, 218 Mich App 694, 700; 555 NW2d 261 (1996),
citing *Hauser v Reilly*, 212 Mich App 184, 187; 536 NW2d
865 (1995), *Wise* must be followed.[2] Accordingly, plain-
tiff's affidavit of merit filed with the complaint cannot
be held invalid.

---

[2] Further, in cases cited by defendants, courts specifically indicated
that the lower court record did not show that the affiant confirmed the
affidavit's content by oath or affirmation before a notary. See *Holmes*,
*supra* at 712 ("[N]o indication exists that the doctor confirmed the
document's contents by oath or affirmation before the person authorized
to issue the oath or affirmation . . . ."); *Jewell v Pinson*, unpublished
opinion per curiam of the Court of Appeals, issued September 1, 2005
(Docket No. 255661), slip op at 1 ("[N]one of the affidavits were
notarized, *nor was there any indication that the affidavits were made
under oath or affirmation.*") (emphasis added); see also *Knobloch v
Langholz*, unpublished opinion per curiam of the Court of Appeals, issued
June 21, 2002 (Docket No. 231070), slip op at 2 ("[P]laintiff provides no
other evidence that [the affiant's] statement was made before a person
duly authorized to administer an oath.").

Further, defendants' reliance on *Glancy v David Steinberg*, unpub-
lished opinion per curiam of the Court of Appeals, issued June 24, 2003)
(Docket Nos. 237963 and 237976), is without merit. In *Glancy, supra*, slip
op at 2, the notary public testified that "while she signed the jurat on
each affidavit acknowledging that the affidavit was subscribed and sworn
before her, she did not know either affiant, Gonzales or Thomas, she did
not witness their signatures, she did not verify the affiants' identities,
and she did not administer an oath to either affiant."

Moreover, I question the majority's analysis of whether the affidavit of merit was valid under *Holmes*. As mentioned, "To constitute a valid affidavit, a document must be (1) a written or printed declaration or statement of facts, (2) made voluntarily, and (3) confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation." *Holmes, supra* at 711.

A careful reading of this test reveals no requirement that a notary public sign an affidavit; rather, the affidavit must be "confirmed by the oath or affirmation of the party making it . . . ." Here the affidavit of merit indicates that "MICHAEL BERKE, M.D., being first duly sworn, depose[s] and state[s] as follows . . . ." Dr. Berke signed the affidavit. Further, the test merely provides that the affidavit of merit be "taken before a person having authority to administer such oath or affirmation," not that the affidavit be signed or verified by the notary public. Accordingly, under the test stated in *Holmes,* I would find the affidavit of merit valid.

Finally, I conclude that the affidavit filed with the complaint was effective because there would be sufficient evidence to sustain a perjury charge, assuming statements in the affidavit were willfully false. See *Clarke v Wayne Circuit Judge,* 193 Mich 33, 35; 159 NW 387 (1916) (recognizing the contrapositive of this statement). MCL 750.423 provides:

> Any person authorized by any statute of this state to take an oath, or any person of whom an oath shall be required by law, who shall wilfully swear falsely, in regard to any matter or thing, respecting which such oath is authorized or required, shall be guilty of perjury, a felony, punishable by imprisonment in the state prison not more than 15 years.

Here, Dr. Berke is "authorized" as an expert under MCL 600.2912d to execute an affidavit of merit in

support of a medical malpractice claim. Although the jurat on the affidavit of merit filed with the complaint was not completed, the affidavit of merit filed with the complaint itself need not provide the entire basis of a perjury charge. Defense counsel indicated to the trial court that Dr. Berke testified at his deposition that he signed a notarized affidavit of merit. Further, the notary public who is shown on the later-submitted affidavit of merit can testify that, on a particular day, Dr. Berke subscribed and swore to her the contents of the affidavit of merit filed with the complaint. Therefore, while I believe that plaintiff's counsel was not prudent in submitting an unnotarized affidavit of merit with the complaint, I nonetheless find the affidavit valid.