727 N.W.2d 654 (2006)
Alisha WOOD, Personal Representative of the Estate of Bradley Wood, Deceased, Plaintiff-Appellant,
v.
Alfred K. BEDIAKO, M.D.; Hillsdale Obstetrics & Gynecology, P.C.; and Hillsdale Community Health Center, Defendants-Appellees.
Docket No. 267190.
Court of Appeals of Michigan.
Submitted August 8, 2006, at Grand Rapids.
Decided October 26, 2006, at 9:00 a.m.
Released for Publication February 20, 2007.
*655 Worsham & Victor, P.C. (by John J. Schutza), Farmington Hills, for Alisha Wood.
Aardema, Whitelaw & Sears-Ewald, PLLC (by Brian W. Whitelaw and Timothy P. Buchalski), Grand Rapids, for Alfred K. Bediako, M.D.; and Hillsdale Obstetrics and Gynecology, P.C.
Davis & Kuhnke, P.C. (by Peter A. Davis and Carol A. Kuhnke), Ann Arbor, for Hillsdale Community Health Center.
Before: ZAHRA, P.J., and NEFF and OWENS, JJ.
OWENS, J.
In this medical malpractice action, plaintiff appeals as of right an order granting defendants Alfred K. Bediako; Hillsdale Obstetrics & Gynecology, P.C.; and Hillsdale Community Health Center (HCHC) summary disposition on the ground that plaintiff failed to file a valid affidavit of merit with her complaint and her action was therefore time-barred. We reverse and remand for further proceedings consistent with this opinion.
This case arose from the stillbirth of plaintiff's son Bradley Wood on June 6, *656 2003. Plaintiff was appointed personal representative on September 2, 2003. The complaint was served on defendants on August 4, 2004, with an attached affidavit of merit signed by a physician who was board-certified in obstetrics and gynecology. The affidavit was one of three originals prepared by plaintiff's counsel on July 22, 2004. Of these three originals, for reasons unknown and assumed to be clerical error, only two were notarized. The one unnotarized affidavit was attached to the complaint filed with the court, and the two notarized affidavits were kept in the files of plaintiff's counsel. Defendants' answers to the complaint included the affirmative defense of lack of a proper affidavit of merit. HCHC moved for summary disposition on July 11, 2005, on a basis not relevant to the instant appeal. Plaintiff's response contained a copy of one of the two original notarized affidavits as an exhibit.
On October 14, 2005, Bediako and Hillsdale Obstetrics (collectively referred to in this opinion as "Bediako") moved for summary disposition pursuant to MCR 2.116(C)(7), (C)(8), and (C)(10) on the ground that the unnotarized affidavit of merit attached to plaintiff's complaint failed to meet the statutory requirements of MCL 600.2912d. Bediako argued that the defective affidavit did not toll the period of limitations and that plaintiff's claim was barred because it had been more than two years since letters of authority were issued. HCHC concurred in Bediako's motion, noting that summary disposition was also appropriate under MCR 2.116(C)(1) and (C)(4).[1] Plaintiff responded by urging the trial court to invoke the doctrine of equitable tolling in reliance on this Court's decision in Ward v. Rooney-Gandy, 265 Mich.App. 515, 520, 696 N.W.2d 64 (2005), rev'd 474 Mich. 917, 705 N.W.2d 686 (2005).[2] At the outset of the motion hearing, the trial court noted that Ward had been reversed. Plaintiff argued that a notarized affidavit filed with the court before the expiration of the period of limitations "serendipitously" cured the defect and tolled the period. Plaintiff distinguished the instant action from that in Ward because the affidavit that was attached in Ward was grossly nonconforming, while the instant affidavit was merely "technically deficient."[3]
The trial court cited the standards of review for summary disposition motions brought pursuant to MCR 2.116(C)(7), (C)(8), and (C)(10). It implicitly granted summary disposition pursuant to MCR 2.116(C)(7) on the ground that the affidavit attached to the complaint was not notarized. It did not address the effect of plaintiff's subsequent serendipitous filing of a notarized affidavit within the period of limitations. Plaintiff argues that the failure to address the effect of the subsequent filing was error. We agree.
In determining whether a party is entitled to judgment as a matter of law pursuant to MCR 2.116(C)(7), a court "`must accept as true a plaintiff's well-pleaded factual allegations, affidavits, or *657 other documentary evidence and construe them in the plaintiff's favor.'" Brennan v. Edward D. Jones & Co., 245 Mich.App. 156, 157, 626 N.W2d 917 (2001), quoting Jackson Co. Hog Producers v. Consumers Power Co., 234 Mich.App. 72, 77, 592 N.W.2d 112 (1999). The interpretation and application of a statute of limitations presents a question of law, which is reviewed de novo. Pohutski v. City of Allen Park, 465 Mich. 675, 681, 641 N.W.2d 219 (2002). If the language of an applicable statute is clear, no further analysis is necessary or allowed. Id. at 683, 641 N.W.2d 219.
The period of limitations for a medical malpractice action is two years. MCL 600.5805(6). In a civil action, generally, the period of limitations is tolled and the action is commenced when a complaint is filed. Scarsella v. Pollak, 461 Mich. 547, 549, 607 N.W.2d 711 (2000), citing MCR 2.101(B) and MCL 600.5856. However, to commence a medical malpractice action, and thus toll the period of limitations, a plaintiff must file both a complaint and an affidavit of merit. MCR 2.112(L); MCL 600.2912d(1). If a complaint and an affidavit of merit are not filed, the period of limitations is not tolled. Young v. Sellers, 254 Mich.App. 447, 450, 657 N.W.2d 555 (2002). "To constitute a valid affidavit, a document must be (1) a written or printed declaration or statement of facts, (2) made voluntarily, and (3) confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation." Holmes v. Michigan Capital Med. Ctr., 242 Mich.App. 703, 711, 620 N.W.2d 319 (2000). Hence, the unnotarized affidavit filed with the complaint in this case was not valid.
When a complaint is filed in a medical malpractice action without an affidavit of merit, the action is subject to dismissal without prejudice before the period of limitations has run. Dorris v. Detroit Osteopathic Hosp. Corp., 460 Mich. 26, 47, 594 N.W.2d 455 (1999). There is no indication in the record that defendants sought dismissal on this ground before the running of the period of limitations. See MCR 2.116(C)(8); MCR 2.504(B)(1). In VandenBerg v. VandenBerg, 231 Mich.App. 497, 498, 502, 586 N.W.2d. 570 (1998), this Court found that MCL 600.2912d did not require dismissal for noncompliance when the plaintiff did not obtain an affidavit of merit until 2 1/2 months after she filed her medical malpractice complaint, but a copy of the affidavit was served with the summons and complaint.[4] In doing so, it noted that although the statute plainly stated that an affidavit of merit "shall" be filed with a complaint, the statute failed to address *658 the consequences of not filing the affidavit at the time of the complaint. Id. at 500, 586 N.W.2d 570. It further noted that when the Legislature amended the statute in 1993, it eliminated the provision that allowed the trial court to dismiss the complaint if the complaint failed to meet statutory requirements. Id. at 501, 586 N.W.2d 570.
Moreover, the Court recognized that the defendants were not prejudiced because "they had access to the affidavit of merit from the moment they received the complaint." Id. at 503, 586 N.W.2d 570. We note here that although defendants did not have a valid affidavit, they did have notice of plaintiff's theory of the case from the moment they received the complaint. Moreover, the trial court found that the unnotarized affidavit otherwise met the legal and medical requirements of the statute, and defendants did not challenge its sufficiency on these grounds. And, importantly, plaintiff remedied the lack of notarization when she later filed a notarized copy within the period of limitations. Hence, we conclude that defendants were not prejudiced by the delayed filing of the notarized affidavit. See Franchino v. Franchino, 263 Mich.App. 172, 191, 687 N.W.2d 620 (2004) (observing that actual prejudice is not caused by delay alone; rather, it occurs when an amendment to a pleading would deny the opposing party a fair trial).
In Scarsella, supra at 550 n. 1, 607 N.W.2d 711, our Supreme Court declined to overrule VandenBerg. Instead, it found VandenBerg factually and legally distinguishable because VandenBerg did not involve a statute of limitations issue. Hence, while the filing of a complaint without an affidavit of merit does not toll the period of limitations, and the subsequent filing of an affidavit after the limitations period has run does not relate back to the original filing, id. at 549-550, 607 N.W.2d 711, the subsequent filing of an affidavit before the limitations period has run will operate to toll the limitations period and commence the suit unless a defendant moves for dismissal or can demonstrate prejudice. Dorris, supra at 47, 594 N.W.2d 455; VandenBerg, supra at 502, 586 N.W.2d 570.
Because a trial court is required to consider all admissible evidence then filed in the action when deciding a summary disposition motion pursuant to MCR 2.116(C)(7) and (10), see MCR 2.116(G)(5), we conclude that the court erred in failing to consider the subsequently filed notarized affidavit when it granted defendants summary disposition on the ground that the period of limitations was not tolled.
Reversed and remanded for further proceedings consistent with this opinion.
NEFF, J., concurred.
ZAHRA, P.J. (concurring).
I concur in the majority's decision reversing the trial court's order granting defendants summary disposition. I write separately because I do not deem the affidavit of merit filed with the complaint pursuant to MCL 600.2912d to be invalid. Consequently, I would not decide the question whether plaintiff's complaint should be dismissed for failure to file a valid affidavit of merit with the complaint.
MCL 600.2912d(1) provides in part that the plaintiff in an action alleging medical malpractice or, if the plaintiff is represented by an attorney, the plaintiff's attorney shall file with the complaint an affidavit of merit signed by a health professional who the plaintiff's attorney reasonably believes meets the requirements for an expert witness under section 2169. The affidavit of merit shall certify that the health professional has reviewed the notice and all medical records supplied to him or her by the plaintiff's *659 attorney concerning the allegations contained in the notice. . . .
In Holmes v. Michigan Capital Med. Ctr., 242 Mich.App. 703, 711, 620 N.W.2d 319 (2000), this Court addressed the formal requirements of an affidavit, stating, "To constitute a valid affidavit, a document must be (1), a written or printed declaration or statement of facts, (2) made voluntarily, and (3) confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation."
In this case, the affidavit of merit filed with the complaint did not contain a completed jurat, which is "[t]he clause written at the foot of an affidavit stating, when, where, and before whom such affidavit was sworn." Black's Law Dictionary (6th ed). "Jurat" is also defined as a "[c]ertificate of officer or person before whom writing was sworn to," which commonly designates a "certificate of competent administrating officer that writing was sworn to by person who signed it." Id.
In Wise v. Yunker, 223 Mich. 203, 193 N.W. 890 (1923), our Supreme Court addressed a claim that an affidavit was invalid because the notary public failed to sign her name in the jurat. The Supreme Court reiterated the oft-cited rule governing defective jurats, stating:
"The jurat is simply a certificate evidencing the fact that the affidavit was properly made before a duly authorized officer. Although it has been said that strictly speaking it is no part of the affidavit, but simply evidence that the latter has been duly sworn to by the affiant, common prudence would dictate that a properly executed jurat be attached to every affidavit. Its omission, however, in the absence of a statute to the contrary, is not fatal to the validity of an affidavit, so long as it appears either from the rest of the instrument or from evidence aliunde[[1]] that the affidavit was in fact duly sworn to before an authorized officer. This rule is based upon the principle that a party should not suffer by reason of the inadvertent omission of the officer to perform his duty." [Wise, supra at 206, 193 N.W. 890, quoting 1 Ruling Case L, p. 769.]
MCL 600.2912d(1) does not expressly require a jurat, but only "an affidavit of merit signed by a health professional. . . ." Compare this with MCL 211.83(1) ("verified affidavit") and MCR 2.113(A) ("an affidavit must be verified by oath or affirmation"). See also Merrifield v. Paw Paw, 274 Mich. 550, 552, 265 N.W. 461 (1936) (statute expressly required certified or verified complaint); Kelley v. City of Flint, 251 Mich. 691, 695-696, 232 N.W. 407 (1930) (ordinance required duly verified complaint).
The majority concludes that "the unnotarized affidavit filed with the complaint in this case was not valid" under MCL 600.2912d(1) for purposes of commencing a medical malpractice action. Ante at 657. In doing so, the majority relies on Holmes, which distinguished Wise on the basis that, "[i]n Wise [supra], the affidavit in question was not, as here, completely devoid of a jurat." Holmes, supra at 711-712, 620 N.W.2d 319. Admittedly, the affidavit of merit in this case is also completely devoid of a jurat. However, Holmes also stated that, "[b]ecause no indication exists that the doctor confirmed the document's contents by oath or affirmation before a person *660 authorized to issue the oath or affirmation, the document does not qualify as a proper affidavit." Id. at 712, 620 N.W.2d 319.
Here, however, not only does evidence aliunde exist that Dr. Berke duly swore to the affidavit of merit before a notary public, but evidence of this event is contained in the lower court record. In response to one defendant's motion for summary disposition, plaintiff filed a copy of the affidavit of merit containing the completed jurat. Further, defense counsel admitted, at the summary disposition hearing, that Dr. Berke testified in his deposition that he swore to and signed the affidavit of merit before a notary public. Indeed, no one disputes that Dr. Berke signed the affidavit of merit under oath before a notary public. Thus, because there is evidence aliunde and evidence in the lower court record that Dr. Berke signed the affidavit of merit before a notary public under oath, Holmes is simply not applicable. And because a "decision of the Supreme Court is binding upon this Court until the Supreme Court overrules itself," O'Dess v. Grand Trunk W.R. Co., 218 Mich.App. 694, 700, 555 N.W.2d 261 (1996), citing Hauser v. Reilly, 212 Mich.App. 184, 187, 536 N.W.2d 865 (1995), Wise must be followed.[2] Accordingly, plaintiff's affidavit of merit filed with the complaint cannot be held invalid.
Moreover, I question the majority's analysis of whether the affidavit of merit was valid under Holmes. As mentioned, "To constitute a valid affidavit, a document must be (1) a written or printed declaration or statement of facts, (2) made voluntarily, and (3) confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation." Holmes, supra at 711, 620 N.W.2d 319.
A careful reading of this test reveals no requirement that a notary public sign an affidavit; rather, the affidavit must be "confirmed by the oath or affirmation of the party making it. . . ." Here the affidavit of merit indicates that "MICHAEL BERKE, M.D., being first duly sworn, depose[s] and state[s] as follows. . . ." Dr. Berke signed the affidavit. Further, the test merely provides that the affidavit of merit be "taken before a person having authority to administer such oath or affirmation," not that the affidavit be signed or verified by the notary public. Accordingly, under the test stated in Holmes, I would find the affidavit of merit valid.
*661 Finally, I conclude that the affidavit filed with the complaint was effective because there would be sufficient evidence to sustain a perjury charge, assuming statements in the affidavit were willfully false. See Clarke v. Wayne Circuit Judge, 193 Mich. 33, 35, 159 N.W. 387 (1916) (recognizing the contrapositive of this statement). MCL 750.423 provides:
Any person authorized by any statute of this state to take an oath, or any person of whom an oath shall be required by law, who shall wilfully swear falsely, in regard to any matter or thing, respecting which such oath is authorized or required, shall be guilty of perjury, a felony, punishable by imprisonment in the state prison not more than 15 years.
Here, Dr. Berke is "authorized" as an expert under MCL 600.2912d to execute an affidavit of merit in support of a medical malpractice claim. Although the jurat on the affidavit of merit filed with the complaint was not completed, the affidavit of merit filed with the complaint itself need not provide the entire basis of a perjury charge. Defense counsel indicated to the trial court that Dr. Berke testified at his deposition that he signed a notarized affidavit of merit. Further, the notary public who is shown on the later-submitted affidavit of merit can testify that, on a particular day, Dr. Berke subscribed and swore to her the contents of the affidavit of merit filed with the complaint. Therefore, while I believe that plaintiff's counsel was not prudent in submitting an unnotarized affidavit of merit with the complaint, I nonetheless find the affidavit valid.
NOTES
[1] MCR 2.116(C)(1) and (C)(4) specify lack of personal and subject-matter jurisdiction, respectively, as grounds for summary disposition.
[2] In Ward, supra at 520, 696 N.W.2d 64, this Court invoked the doctrine of equitable tolling when the plaintiff's counsel accidentally attached an affidavit of merit for another case to the complaint.
[3] Plaintiff also challenged the timing of defendants' motions because they were filed after the deadline for dispositive motions, and argued that defendants' affirmative defense did not comply with the requirements of MCR 2.113(F)(1).
[4] Additionally, this Court has considered the validity of affidavits not filed with complaints in other cases. In Mouradian v. Goldberg, 256 Mich.App. 566, 571, 664 N.W.2d 805 (2003), two acts of malpractice were alleged, one for which the limitations period expired on November 13, 2000, and a second for which the limitations period expired on December 11, 2000. The plaintiffs filed a complaint for both acts on November 13, 2000, without an affidavit of merit. Id. at 568, 664 N.W.2d 805. The plaintiffs subsequently filed an affidavit of merit separately, on December 8, 2000. Id. Although it ultimately held that the affidavit did not toll the period of limitations because it was grossly nonconforming, this Court determined that, regarding the second act alleged, the separate filing, "on its face, . . . `completed'" the filing of the complaint before the limitations period expired on December 11, 2000. Id. at 572-574, 664 N.W.2d 805, quoting Scarsella, supra at 550, 607 N.W.2d 711. In Holmes, supra at 710, 620 N.W.2d 319, the plaintiff filed an unsworn affidavit of merit several months after his complaint, before the expiration of the period of limitations. This Court examined the plaintiff's subsequently filed affidavit of merit for validity, even though it was filed after the complaint. Id. at 711, 620 N.W.2d 319.
[1] "Evidence aliunde" is defined as "[e]vidence from outside, from another source. In certain cases a written instrument may be explained by evidence aliunde, that is, by evidence drawn from sources exterior to the instrument itself, e.g., the testimony of a witness to conversations, admissions, or preliminary negotiations." Black's Law Dictionary (6th ed), p. 73.
[2] Further, in cases cited by defendants, courts specifically indicated that the lower court record did not show that the affiant confirmed the affidavit's content by oath or affirmation before a notary. See Holmes, supra at 712, 620 N.W.2d 319 ("[N]o indication exists that the doctor confirmed the document's contents by oath or affirmation before the person authorized to issue the oath or affirmation."); Jewell v. Pinson, unpublished opinion per curiam of the Court of Appeals, issued September 1, 2005 (Docket No. 255661, 2005 WL 2105417), slip op at 1 ("[N]one of the affidavits were notarized, nor was there any indication that the affidavits were made under oath or affirmation.") (emphasis added); see also Knobloch v. Langholz, unpublished opinion per curiam of the Court of Appeals, issued June 21, 2002 (Docket No. 231070, 2002 WL 1360388), slip op at 2 ("[P]laintiff provides no other evidence that [the affiant's] statement was made before a person duly authorized to administer an oath.").

Further, defendants' reliance on Glancy v. David Steinberg, unpublished opinion per curiam of the Court of Appeals, issued June 24, 2003 (Docket Nos. 237963 and 237976, 2003 WL 21465239), is without merit. In Glancy, supra, slip op at 2, the notary public testified that "while she signed the jurat on each affidavit acknowledging that the affidavit was subscribed and sworn before her, she did not know either affiant, Gonzales or Thomas, she did not witness their signatures, she did not verify the affiants' identities, and she did not administer an oath to either affiant."